**PATTON PAINT CO. (PITTSBURGH PLATE GLASS CO., Substituted) v. SUNSET PAINT CO.**

(Court of Appeals of District of Columbia. Submitted January 12, 1923. Decided June 4, 1923.)

No. 1546.

1. **Trade-marks and trade-names and unfair competition ⬤═43—"Sunset" and "Sun-Proof" held not deceptively similar.**

The word "Sunset," as a trade-mark for paints and painters' supplies, being part of the corporate name of the applicant for registration, is not deceptively similar to the prior registered trade-mark "Sun-Proof."

2. **Trade-marks and trade-names and unfair competition ⬤═45—No right of property is concluded by registration of mark.**

No right of property is concluded by the registration of a mark, and the parties affected thereby are free to seek such relief as courts of law or equity may award, if the use of the mark is such as to amount to unfair competition.

Appeal from the Commissioner of Patents.

Application by the Sunset Paint Company for registration of a trademark, opposed by the Patton Paint Company, for whom was substituted the Pittsburgh Plate Glass Company. From a decision dismissing the opposition, the opposer appeals. Affirmed.

W. T. Estabrook, of Washington, D. C., for appellant.
Arthur E. Wallace, of Chicago, Ill., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. The Sunset Paint Company, located in Los Angeles, Cal., filed on the 27th of January, 1920, an application in the Patent Office for the registration of the word "Sunset" as a trade-mark for its paints, varnishes, and painters' materials. To that application the Patton Paint Company filed its opposition

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in December, 1920, and therein alleged that the word "Sun-Proof" and a conventionalized pictorial representation of the sun had been registered in the United States Patent Office in February, 1897, as the trade-mark of the James E. Patton Company, and that that mark had been duly assigned to the opposer, and had been continuously used by the opposer, its assignors and predecessors in business, ever since the year 1896; that the Patton Paint Company, in July, 1915, registered in the Patent Office as a trade-mark for its goods another conventional representation of the sun, known as the "Sun-Face and Rays," which trade-mark had been continuously used by the opposer ever since the 1st of January 1908; that the word "Sunset," sought to be registered as a trade-mark, resembled the trade-marks of the Patton Paint Company, and that the impressions conveyed by the words "Sunset" and "Sun-Proof," accompanied by a pictorial representation of the sun, were so similar as to confuse and mislead the public, with resulting damage to the Patton Paint Company.

To this opposition the Sunset Paint Company made answer, denying that the trade-marks presented for registration were so similar to those of the Patton Paint Company that they would either mislead or confuse the public or damage the opposer.

Testimony was taken on the issue joined, and the Examiner of Interferences held that the word "Sunset," sought to be registered, was similar to the mark "Sun-Proof" of the opposer, and therefore denied the application of the Sunset Paint Company.

On appeal to the Commissioner of Patents, the First Assistant Commissioner of Patents reversed the decision of the Examiner of Interferences and dismissed the opposition. From the decision of the First Assistant Commissioner, the Patton Paint Company took this appeal, and now contends that the Commissioner of Patents erred in finding that there was no such resemblance between the marks of the applicant and the opposer as would confuse and mislead the public.

[1] In our opinion there is no such similiarity between the marks as would warrant a denial of the application for registration of the word "Sunset." The company seeking registration is the Sunset Paint Company, and the word which it desires to register as its trade-mark conforms to the fanciful part of its name, and therefore serves to identify the goods which it sells as those of the Sunset Paint Company. On the other hand, "Sun-Proof," the mark of the opposer, constitutes no part of the owner's name, and conveys to the public the idea that the paints, varnishes, and painters' material identified by it resist the sun's rays. In brief, one trade-mark indicates to the public the name of the dealer, and the other calls attention to the sun-resisting qualities or properties of the goods to which it is applied. The marks have nothing in common, except the first syllable, and are entireties so unlike in appearance, sound, and meaning that a purchaser would be exceedingly unwary who would mistake one for the other.

[2] The word "Sunset" may be so used in connection with a representation of the sun as to constitute unfair competition; but in that event the opposer has an adequate remedy, which opposition to registration does not afford, accomplishing, as it does, if successful,

nothing more than the shifting of the burden of proof. No right of property is concluded by registration of a mark, and the parties affected are free to seek such relief as courts of law or equity may award. William Rogers v. International Silver Co., 30 App. D. C. 97, 105.

The decision appealed from is affirmed.