## DOWNEY v. BANKER et al.

## In re FIRST NAT. BANK & TRUST CO. OF YONKERS, N. Y.

District Court, S. D. New York.
Jan. 16, 1940.

Benjamin W. Moore, of Yonkers, N. Y., for plaintiff.

Baldwin, Todd & Young, of New York City (Hiram C. Todd and E. Raymond Shepard, both of New York City, of counsel), for defendants Irving Trust Co., as executor, etc., Frederick P. King and Jerome Bradley.

O'Brien, Driscoll & Raftery, of New York City, for Dennis F. O'Brien.

Robert J. Sykes, of New York City, for Robert Boettger, et al.

HULBERT, District Judge.

These are three motions made by

(1) The defendant Irving Trust Company as executor under the last will and testament of Leslie R. Palmer, deceased, and the defendants Frederick P. King and Jerome Bradley;

(2) The defendant Dennis F. O'Brien, and

(3) Robert Boettger and 13 other defendants.

The moving defendants seek a further bill of particulars of paragraphs twenty-eighth and twenty-ninth of the second amended complaint.

The plaintiff is the substituted Receiver of the First National Bank & Trust Company of Yonkers, New York, and the moving defendants are either former directors of the Bank, or the personal representatives of the estates of deceased former directors.

The action is for an accounting for losses claimed to have been sustained by

the alleged illegal, wrongful, and negligent acts and omissions of former directors.

The second amended complaint was served pursuant to order of the Court which contained the following provision: "Ordered, that within fifteen (15) days after the filing of said amended complaint that the plaintiff file and serve on the defendants a bill of particulars of the matters comprised within paragraphs 'Twenty-Eighth' and 'Twenty-Ninth' of the second amended complaint and that within fifteen (15) days thereafter the defendants serve upon the plaintiff's attorney and file their answers to such second amended complaint."

The time to answer has been extended by stipulation until the entry of the order on the determination of these motions.

Rule 10 of the Civil Rules for the Southern District of New York, provides: "Where an order is granted under F.R.C.P. 12(e) for a more definite statement, or for a bill of particulars, and the pleading or bill which is served in purported compliance therewith fails to meet the terms of the order, a party before applying for other relief may make a motion for a further statement or bill."

Having before me the bill of particulars heretofore served alleged to be insufficient and the demand in each notice which brought on these motions for a further bill (and which are substantially similar), the question presented is: What are "the matters comprised within" paragraphs twenty-eighth and twenty-ninth?

Paragraph twenty-eighth of the second amended complaint alleges statutory liability and paragraph twenty-ninth is based upon common law liability.

The bill of particulars heretofore served sets forth particulars of each loan including time when, person to whom, and the amount for which made.

■ The defendant O'Brien requests and is entitled to know the date when each such loan was authorized or ratified; he should then be able to determine whether he was present and participated in such authorization or ratification.

The motion will, therefore, be granted as to (a) and (b) and denied as to (c) so far as he is concerned.

■ All of the defendants request that plaintiff be required to specify which statute of the United States other than Section 24 of the Federal Reserve Act, as amended, 12 U.S.C.A. § 371, plaintiff claims was violated by each defendant, and if the statutes contain more than one provision, to specify the particular provision or provisions which the plaintiff claims were violated by each defendant and also to set forth the particular provision or provisions of the Federal Reserve Act, as amended, which the plaintiff claims was violated by each defendant.

Of course, if the plaintiff relies upon any statutes of the United States other than Section 24 of the Federal Reserve Act, as amended, he should so state and give the specific reference to each such statute. But in all other respects the motions are denied as to paragraph Twenty-eighth.

■ The business of a director is to direct and he should know what acts he was required to do that he failed to do, as well as the acts which he did that he should not have done. If the directors of all corporations were held to strict accountability it would substantially promote the welfare, not alone of creditors and stockholders, but of good business.

■ In disposing of the requests as to paragraph Twenty-ninth, those will be allowed which are regarded as essential to enable the defendants to prepare and serve their respective responsive pleading and the remaining particulars may be sought pursuant to Rules 26 to 37, inclusive, F.R.C.P., 28 U.S.C.A. following section 723c.

Denied as to 2(a).

Granted as to 2(b) (1) otherwise denied.

Granted as to 2(c).

Granted as to 2(d), except (1) and (2).

Granted as to 2(e).

Granted as to 2(f).

Denied as to 2(g).

Denied as to 2(h).

Granted as to 2(i).

Denied as to 2(j).

Denied as to 2(k).

Granted as to 2(1); 2(m); 2(n); 2(o); 2(p); 2(q) as to the first clause of each request, otherwise denied.

Settle order on notice unless consented to as to form.