## McELWAIN v. WICKWIRE SPENCER STEEL CO.
### No. 242.

District Court, W. D. New York.
Jan. 17, 1940.

William L. Clay, of Rochester, N. Y., for plaintiff.

Dudley, Stowe & Sawyer, of Buffalo, N. Y. (Roy P. Ohlin, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This is a suit to recover on account of alleged negligence. Issue has not been joined. Defendant moves to strike certain portions of the complaint and for a bill of particulars.

Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires that a pleading shall contain "a short and plain statement of the claim" and that each averment of a pleading shall be "simple, concise and direct." It is not amiss to call attention to this rule, which has not been followed, though this motion is not made to strike the entire pleading.

■ While some of the paragraphs to which the motion to dismiss as directed contain redundant matter, it seems sufficient here to deny the motion to dismiss as to these and require the service of a bill of particulars in the respects hereinafter specified.

1. Allowed.

2. Denied.

3. Allowed to the extent that the plaintiff is required to state the machines or type of machines claimed to have created impurities.

4. Denied.

5. Denied.

6. Allowed.

7. Allowed to the extent that the plaintiff is required to state the nature of his injuries, the duration and the extent of disability therefrom.

■ This motion is made before the joinder of issue. The two provisions of Rule 12(e) are to be read with substantially the same effect, and the bill of particulars required must be strictly limited to matters necessary for a party to prepare for trial. The purpose of the bill of par-

ticulars under the old rules is supplanted by the provisions of the new rules for discovery, interrogatories and production of documents. The way to obtain proofs before trial is through other provisions of the rules. Moore's Federal Practice, Vol. 1, p. 654; Massachusetts Bonding & Ins. Co. v. Harrisburg T. Co., D.C., 27 F.Supp. 987; Jessup & Moore Paper Co. v. W. Va. Pulp & P. Co., D.C., 25 F.Supp. 598. In many other cases the effect of the provisions of Rule 12 (e) has been construed. With the exception of the particulars allowed, as hereinbefore, it seems to me the other demands are in the main allowable under new Rules 26 to 37, inclusive.