**COURTEAU v. INTERLAKE S. S. CO. et al.**

**No. 20.**

District Court, W. D. Michigan, N. D.

Nov. 5, 1940.

430

Yelland & Yelland, of Escanaba, Mich., and S. Eldridge, Sampliner, of Cleveland, Ohio, for plaintiff.

Frost & Deo, of Escanaba, Mich., for defendants C. & N. W. Ry. Co. and another.

McKeehan, Merrick, Arter & Stewart and George William Cottrell, all of Cleveland, Ohio, for defendant Interlake S.S. Co.

RAYMOND, District Judge.

This is a suit for damages for personal injuries resulting in the death of Alfred Courteau. The complaint alleges in substance that Courteau, while in the employ of the Chicago & Northwestern Railway Company or its trustee as a top-dock worker, met his death; that while assisting to dock a steamer owned and operated by two other defendants and while engaged in placing the eye of a cable over a spile located on the dock, he was suddenly pre-cipitated from the dock and against the side of the vessel.

The matter is before the court upon motion by defendant, The Interlake Steamship Company, under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to require plaintiff to make his complaint definite and certain by stating under what statute the action is brought and by stating which defendant is charged to have been guilty of the various acts of negligence and what employee of what particular defendant charged with giving certain peremptory orders gave such peremptory orders; also, under Rule 12(f), to order stricken from the complaint several pages which allege in considerable detail the specific acts of negligence relied upon by plaintiff.

■ Counsel agree that the granting or refusal of such motions is discretionary with the court. See Moore's Federal Practice, vol. 1, p. 656, where it is said: "The grant or denial of a motion for more definite statement or for bill of particulars rests in the sound discretion of the trial court. Such motions no doubt have been useful in securing information which would lessen surprise. But they result in additional or supplementary pleading, and at best are inefficient methods of securing accurate pretrial information. These can best be obtained under the rules on depositions and discovery, * * *".

In his complaint plaintiff avers that this action is brought "under the statutes for such cases made and provided". It is the view of the court that unless the statute relied upon is identified, defendant's possible liabilities and defenses are obscure and that preparation of a proper responsive pleading may be difficult. Plaintiff will therefore be required to file and serve within ten days from date a short supplemental pleading stating the statute or statutes upon which he relies for recovery against this defendant. See Downey v. Banker, D.C., 1 F.R.D. 123.

■ The remainder of the relief prayed for by the motion under Rule 12(e) will be denied for the reason that complete discovery is provided for under Rules 26 to 37, inclusive, and the information asked, while it may be essential to enable the defendant to prepare for trial, appears to the court to be not essential to enable it to plead. See Sure-Fit Products Co. v. Med-Vogue Corporation, D.C., 28 F.Supp. 489. Discovery has frequently been said to be a

proper method of obtaining information which falls outside the category of ultimate facts. It is also to be noted that the words "to prepare for trial" in Rule 12(e) are comprehended in the words "to prepare a responsive pleading". See Holtzoff's New Federal Procedure and the Courts, page 36, and cases cited.

Defendant's motion to strike under Rule 12(f) will also be denied for the reason that the allegations complained of do not clearly appear to be redundant, immaterial, impertinent or scandalous. It is stated in Moore's Federal Practice, vol. 1, p. 660, that in suits involving multiple and complex issues greater latitude in pleading may be allowed. See McElwain v. Wickwire Spencer Steel Co., D.C., 1 F.R.D., 177. The instant case is such a case.

An order will be entered in conformity with this opinion.