STATE OF MARYLAND, to Use of CARSON et al., v. ACME POULTRY CORPORATION.

Civil Action No. 651.

District Court, D. Delaware.

Nov. 20, 1945.

B. Nathaniel Richter, of Philadelphia, Pa., and Joseph Handler, of Wilmington, Del., for plaintiffs.

William Prickett, of Wilmington, Del., for defendant.

LEAHY, District Judge.

This is an action for damages for the death of Harry H. Carson. A truck in which he was a passenger collided with a truck operated by defendant. Defendant moves under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a more definite statement of two charges of negligence and a particularization as to special damages. Three charges of negligence are specifically alleged: excessive speed, inadequate control, and failure to avoid collision when Carson was in a position of danger. Two other charges of negligence form the basis of the present motion.

1. Plaintiffs allege that defendant, at the time of collision, "violated the laws of the State of Maryland in regard to the operation of motor vehicles under the circumstances then and there present"; and that defendant was "negligent at law." Defendant is not entitled to a bill of particulars where the complaint enables it to know with what it is charged, Best Foods, Inc., v. General Mills, Inc., D.C.Del., 3 F. R.D. 275; but where defendant is not able to make a responsive pleading it is entitled to a more definite statement in the complaint. Here, defendant is charged with a violation of "the laws of the State of Maryland" and that it was "negligent at law." There are decisions that where a defendant is charged with a violation of a statute or has violated some law, defendant's possible liability and defenses are obscure if lack of specificity makes it impossible for the defendant to prepare a proper responsive pleading. See Downey v. Banker, D.C., 1 F.R.D. 123; Courteau v. Interlake Steamship Co., D.C., 1 F.R.D. 429. In opposing the present motion, plaintiffs' main reliance is on Raudenbush v. Baltimore & O. R. Co., D.C., 4 F.R.D. 171. There, the complaint charged specific acts of negligence such as "failure to give notice or warning * * * of the intention to move the train" and a charge of violation of the Safety Appliance Act as to certain couplings and brakes. A motion for a bill of particulars was denied, and correctly so, because the cause of action was based on the Safety Appliance Act and the statute was specified by name in the complaint.

Plaintiffs suggest that defendant should utilize interrogatories to procure the information it now seeks. This is irrelevant. Defendant must answer the complaint and it is no excuse for an insufficient complaint, which lacks a definite statement to enable defendant to make a responsive pleading, to relegate defendant to interrogatories. This is no method under the rules to make a good complaint out of an insufficient one. By the same token, plaintiffs should embroider their allegation that defendant was "negligent at law."

2. Under Rule 9(g), when items of special damage are claimed, they should be specifically stated. See Automatic Radio Manufacturing Co. v. National Carbon Co., D.C., 35 F.Supp. 454, 455; Stork v. Townsend, D.C., 1 F.R.D. 390.

Defendant's motion will be granted.