**ITALIAN SWISS COLONY v. AMBROSE & CO., Limited, et al.**

**Civ. No. 3245.**

United States District Court
D. Colorado.

Jan. 23, 1951.

Hodges, Vidal & Goree, Denver, Colo., for plaintiff.

Holland & Hart, Denver, Colo., (Peter H. Dominick, Denver, Colo., of counsel), for defendants.

KNOUS, District Judge.

This is an action for alleged trade-mark infringement and unfair competition. The matter stands on the motions of the defendants separately interposed, but consolidated for argument; for dismissal for lack of jurisdiction; for failure of the complaint to state a claim against the defendants; for failure to comply with Rules 8 and 10, Fed. Rules Civ.Proc. 28 U.S.C.A., to separately state and to strike.

Defendants' motions to dismiss for lack of jurisdiction are based upon the contention that the specimens of plaintiff's registered trade-mark and the allegedly infringing bottle labels of Ambrose and Company attached to the complaint as exhibits show that there has been no infringement of plaintiff's trade-mark, and hence that such cause of action should be dismissed.

With the trade-mark infringement issue so disposed of, the defendants, while conceding diversity in the citizenship of the parties, argue that the unfair competition

charge must fall and be dismissed because of the failure of plaintiff to sufficiently allege therein that the amount in controversy is three thousand dollars or more.

Thus, the fate and outcome of the whole litigation as presently pleaded is made to depend solely upon the empirical comparison recommended.

■ The Court is of the opinion that disposition neither may, nor should be made upon such basis. Thus, in comment "b", under subsection 728 Restatement of the Law of Torts, it is said: "b. *Comparison in juxtaposition or otherwise.* The similarity between a designation and a trade-mark or trade name which it is alleged to infringe is not determined by comparing the two in juxtaposition only. Since it is the effect upon prospective purchasers that is important, the conditions under which they act must be considered. Purchasers do not always see the goods in juxtaposition. They rely upon memory and vague impressions. And the question is whether, remembering a trade-mark fairly definitely, they are likely to regard the designation in question as the trade-mark or as identifying the source indicated by the trade-mark."

See also Avrick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568. Accordingly, the motions to dismiss based upon jurisdictional grounds are overruled.

*Motion to Separately State.*

■■ In the complaint as filed the two causes of action alleged are commingled and the connection of the respective defendants therewith stated in general terms only. It has been held to be the better practice in a complaint for trade-mark infringement and unfair competition to state claims separately and in accordance with Rule 10(b). Brooks Brothers v. Brooks Clothing Company of California, D.C.Cal., 60 F.Supp. 442; affirmed, 9 Cir., 158 F.2d 798; certiorari denied, 331 U.S. 824, 67 S. Ct. 1315, 91 L.Ed. 1840. For the reasons given in the well-considered opinion of Judge Yankwich in the foregoing case, as well as from the disclosures made in the course of the arguments in the pending

cause, the Court is satisfied that the issues will be clarified by so proceeding herein.

The Court is also of the opinion that the alleged connection of the respective defendants with the two causes of action should be specifically set out.

It Is, Therefore, Ordered that the plaintiff amend its complaint accordingly, and shall have ten days in which to do so.

Except as hereinabove specifically provided, the motions of the defendants to dismiss, separately state and strike, in all other particulars are denied, and the defendants are required to answer plaintiff's amended complaint within ten days after service thereof.