**DIXIE MERCERIZING COMPANY,**
**Plaintiff,**

v.

**TRIANGLE THREAD MILLS, Inc.,**
**Defendant.**

United States District Court,
S. D. New York.
Jan. 31, 1955.

Burgess, Ryan & Hicks, New York City, for plaintiff. John F. Ryan, Reginald Hicks, New York City, Richard K. Stevens, Davidson C. Miller, Robert E. Watkins, Washington, D. C., and Raymond B. Witt, Jr., Chattanooga, Tenn., of counsel.

Henry L. Burkitt, New York City, for defendant.

**PALMIERI, District Judge.**

This is an action for relief under Title 15 U.S.C.A. § 1071 and § 1119, Title 35 U.S.C. § 146, arising out of an alleged trademark infringement. The defendant has included a number of counterclaims in its answer and has alleged unfair competition and trademark infringement by the plaintiff.

Plaintiff moves for a more definite statement pursuant to the provisions of Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C., with respect to the first, second and third counterclaims. This motion must be granted. The defendant has combined four claims for relief in its first counterclaim, to wit: (1) a claim for trademark infringement, (2) a claim for unfair competition, (3) a claim for "unfair trade," and (4) a claim for cancellation of plaintiff's Federal registration of its trademark. By incorporating these by reference in the second and third counterclaims and adding claims with respect to the plaintiff's New York State and Federal trademark registrations, the defendant has combined five claims for relief in the second counterclaim, and six claims for relief in the third counterclaim.

■ The issues with reference to infringement of a registered trademark are separate and distinct from those relating to charges of unfair competition. They should be separately stated. See Rules 8(a) and 10(b), Federal Rules of Civil Procedure; Italian Swiss Colony v. Ambrose & Co., Ltd., D.C.Col.1951, 94 F.Supp. 896; Brooks Bros. v. Brooks Clothing of California, Ltd., D.C.S.D.Cal. 1945, 60 F.Supp. 442, 447, affirmed, 9 Cir., 1947, 158 F.2d 798, certiorari denied, 1947, 331 U.S. 824, 67 S.Ct. 1315, 91 L.Ed. 1840. If this is not done the plaintiff cannot file responsive pleadings as he is required to do under Rule 12(b), the issues cannot be satisfactorily framed for the trial of the facts, and the Court cannot make appropriate rulings of law.

■ The same objection applies to the defendant's allegation in paragraph 54 of its second counterclaim that the plaintiff has "proceeded * * * in contravention of good conscience, equity and the laws of the United States and the State of New York." This allegation is incorporated by reference in the third counterclaim. If this is legal argument it has no place in the pleading. If it is essential to a valid statement of the defendant's cause of action, then it is too vague and indefinite to permit the plaintiff to file a responsive pleading. The specific statutes involved, if any, must be stated. See Downey v. Banker, D.C. S.D.N.Y.1940, 1 F.R.D. 123, 124; Courteau v. Interlake S. S. Co., D.C.W.D. Mich.1940, 1 F.R.D. 429, 430.

■■ Plaintiff has also moved under Rule 9(b) that the defendant's allegations of fraud be stated with particularity. This motion must also be granted. Despite the plasticity of the new rules of pleading, it is nevertheless required by Rule 9(b) that fraud and mistake be alleged with particularity. In the defendant's second and third counterclaims it has used the word fraud, or some variant of it, several times. The circumstances constituting fraud must be set forth in detail or the allegation cannot be permitted to stand. 2 Moore's Federal Practice 1907–1912 (2d Ed.1948). Such a requirement would seem to be just and proper. Anyone charging another with fraud should be compelled to state of what the alleged fraud consists. On oral argument, counsel for the defendant stated that in at least one instance the allegation followed as a logical conclusion from the prior allegations contained in separate and distinct paragraphs of the answer. Even assuming this to be true, it would not constitute a valid reason for contravening the salutary purpose of Rule 9(b). If the preceding paragraphs spell out fraud, then the defendant has no reason to allege it, as it has in its second and third counterclaims.

If they do not spell out fraud, the naked use of the term, without the conjoint allegation of substantiating details, has no proper place in the pleading. While a general averment of fraudulent intent is permissible in some cases, see Scervini v. Miles Laboratories, Inc., D.C.S.D. N.Y.1951, 11 F.R.D. 542; 2 Moore's Federal Practice 1911–1912 (2d Ed.1948), I do not understand the counterclaims here involved to be among them.

Motion granted. Settle order on notice.