**313**

SKIL–CRAFT CORPORATION, a corporation, Plaintiff,

v.

M. LOBER & ASSOCIATES and Morris Lober, Defendants.

United States District Court
S. D. New York.

Feb. 24, 1956.

Emanuel R. Posnack, New York City, for plaintiff.

Erdheim & Armstrong, New York City, for defendants.

BICKS, District Judge.

Proceedings were instituted on November 25, 1955 in the United States Patent Office to cancel the registration of trade mark "Handy Andy" issued to plaintiff on November 28, 1950, Registration No. 534,012. Five days thereafter plaintiff brought the instant suit.

The complaint alleges that plaintiff has statutory and common law rights to said mark and that the defendants, contriving to obtain for themselves the benefits and value connected therewith and to encroach and unfairly trade upon and

profit from plaintiff's established good will and property rights therein, have wrongfully adopted and used the same. An injunction against further infringement and damages are sought. Jurisdiction is founded on diversity of citizenship and 28 U.S.C.A. § 1338.

Asserting that the issues before the Patent Office are essentially the same as those presented in this case the defendants have moved to stay this suit until the Patent Office determines the cancellation proceedings. This contention is not well founded. In the Patent Office the only issue is whether the plaintiff is entitled to statutory protection for the mark. Willson v. Graphol Products Co., 1951, 188 F.2d 498, 38 C.C.P.A., Patents, 1030. A determination there, adverse to the plaintiff, will leave unaffected its common law rights to the use of the mark. Dwinell-Wright Co. v. White House Milk Co., D.C.W.D. N.Y.1942, 44 F.Supp. 423, affirmed, 2 Cir., 1943, 132 F.2d 822; House of Westmore v. Denney, 3 Cir., 1945, 151 F.2d 261; Dwinnell-Wright Co. v. National Fruit Product Co., 1 Cir., 1942, 129 F.2d 848. Irrespective of the outcome of the Patent Office proceeding the plaintiff is free to seek such relief as courts of law or equity may award. McIlhenny Co. v. Gaidry, 5 Cir., 1918, 253 F. 613; Trappey v. McIlhenny Co., 5 Cir., 1922, 281 F. 23, certiorari denied, 1922, 260 U.S. 733, 43 S.Ct. 94, 67 L.Ed. 487; Patton Paint Co. v. Sunset Paint Co., 1923, 53 App.D.C. 351, 290 F. 326.

Defendants have also moved to require the plaintiff to separately state and number the claims set out in the complaint. This motion is founded upon the erroneous assertion that more than a single claim within the contemplation of Rule 10(b) F.R.C.P., 28 U.S. C.A., is alleged. Plaintiff sets out a not uncommon and relatively simple fact situation. It asserts rights to a mark and that the defendants are infringing upon such rights to plaintiff's injury. The use of the words "unfairly trade" which appear but once in the complaint does not change the essential nature of the claim. If infringement is not established, the plaintiff, upon the facts set out in the complaint, will not be entitled to recover. Dilatory motions for separate statements are not to be encouraged. A separate statement of claims is required only when several claims are stated, founded on separate transactions or occurrences. 2 Moore, Federal Practice § 10.03 (2d ed. 1951). An intelligent responsive pleading should not be difficult. It will neither confuse the issues nor deprive the defendants of an orderly trial.

Dixie Mercerizing Co. v. Triangle Thread Mills, Inc., D.C.S.D.N.Y. 1955, 17 F.R.D. 8; Italian Swiss Colony v. Ambrose & Co., Ltd., D.C.D.Colo.1951, 94 F.Supp. 896; Brooks Bros. v. Brooks Clothing of California, Ltd., D.C.S.D. Cal.1946, 60 F.Supp. 442, affirmed, 9 Cir., 1947, 158 F.2d 798, certiorari denied, 1947, 331 U.S. 824, 67 S.Ct. 1315, 91 L.Ed. 1840, and Esquire, Inc., v. Lewis, D.C.S.D.N.Y.1954, 16 F.R.D. 246 have been urged upon the Court as requiring granting defendants' application. General language in opinions passing upon similar motions in other cases is helpful as delineating the criteria to be employed. Motions to separately state and number, however, are to be decided on an *ad hoc* basis depending upon the particular pleading under review.

Defendants' motion is in all respects denied.