484

**Francis KLOTT, Plaintiff,**

v.

**Earl CHAPMAN and Martha Peterson, Defendants.**

**Civ. No. 1274.**

United States District Court
N. D. Indiana,
Fort Wayne Division.

Feb. 13, 1961.

Gottlieb & Rosender, Detroit, Mich., for plaintiff.

Perry & McAllister, Ft. Wayne, Ind., for defendant.

GRANT, District Judge.

This is an action for personal injuries alleged to have been sustained by the plaintiff when the defendants' automobile collided with the rear end of the trailer and automobile in which the plaintiff was a passenger.

In Rhetorical Paragraph Five of the complaint the plaintiff alleges:

"That it was the duty and obligation of the defendants herein, in the operation of their motor vehicle upon a public highway, to observe and obey the State of Tennessee *Motor Vehicle Code and Ordinances* of the City of Chapel Hill, in which city said accident occurred, and the common law rights of the plaintiff."

The complaint then proceeds to enumerate seven specific acts of negligence allegedly committed by the defendants, none of which makes reference to any statute or ordinance, or the violation thereof. The alleged violations of the duties and obligations imposed under the Tennessee *Motor Vehicle Code and Ordinances* of the City of Chapel Hill are asserted generally in Rhetorical Paragraph Six, which reads in pertinent part as follows:

"That the defendant, Martha Peterson, and defendant, Earl Chapman, her agent, servant and employee, did carelessly, recklessly and negligently fail to observe any or all of their duties, as aforesaid * * *"

The matter is before the Court on the defendants' motion for more definite statement or in the alternative to strike as regards the alleged violations of the Statutes of Tennessee and the Ordinances of the City of Chapel Hill, Tennessee. Defendant contends that the plaintiff should be made to indicate what specific statutes and ordinances the defendants are alleged to have violated. In the alternative, the defendants assert that all references to the statutes and ordinances of Tennessee and Chapel Hill, respectively, are immaterial and impertinent and should be stricken for those reasons.

Although it might be conceded that under certain circumstances it is both unnecessary and undesirable to plead controlling statutes and ordinances for the reason that the Court, in any event, takes judicial notice thereof, where, as here, the statutes and ordinances are not alleged to govern the validity of certain actions or transactions of the parties, as in the case of a disputed contract, but are in issue as a standard of ordinary care, which standard the defendants are alleged to have violated, the Court is of the opinion that they are material to the cause herein.

Recovery herein is predicated upon the alleged negligence of the defendants in the operation of their automobile on the public highways of Tennessee. Reference to the decisions of the Tennessee courts reveals that violation of statutes and ordinances of that state constitutes negligence per se where the person injured belongs to that class of persons for whose protection or benefit the statute or ordinance was enacted. Little v. Nashville, C. & St. L. Ry. Co., 1954, 39 Tenn.App. 130, 281 S.W.2d 284; Kingsul Theatres v. Quillen, 1946, 29 Tenn.App. 248, 196 S.W.2d 316. In order that the defendant might be able to make a responsive pleading to the complaint the plaintiff must provide additional information as to which specific statutes and ordinances are alleged to have been violated by the defendants.

Reference is made to the decision of State of Maryland to Use of Carson v. Acme Poultry Corporation, D.C.D.Del. 1945, 5 F.R.D. 29, wherein the Court was confronted with a situation similar to that of the instant cause involving a two-truck collision. The Court there stated:

"Plaintiffs allege that defendant, at the time of the collision, 'violated the laws of the State of Maryland in regard to the operation of motor vehicles under the circumstances then and there presented'; and that defendant was 'negligent at law'. Defendant is not entitled to a bill of particulars where the complaint enables it to know with what it is charged, Best Foods, Inc. v. General Mills, Inc., D.C.Del., 3 F.R.D. 275; but where defendant is not able to make a responsive pleading it is entitled to a more definite statement in the complaint. Here, defendant is charged with a violation of 'the laws of the State of Maryland and that it was negligent at law'. There are decisions that where a defendant is charged with a violation of a statute or has violated some law, defendant's possible liability and defenses are obscure if lack of specificity makes it impossible for the defendant to prepare a proper responsive pleading. See Downey v. Banker, D.C., 1 F.R.D. 123; Courteau v. Interlake Steamship Co., D.C., 1 F.R.D. 429."

Accordingly, defendants' motion for more definite statement is granted and the plaintiff is granted 20 days within which to comply with this order. Thereafter defendant will have 20 days within which to make answer to the complaint.

This same order will be entered in Civil Nos. 1275, 1276 and 1277.