**MICRO MOTION, INC., a Colorado corporation, Plaintiff,**

v.

**EXAC CORPORATION, a California corporation, Defendant.**

**No. C–84–20681–RPA.**

United States District Court, N.D. California.

May 15, 1985.

Court declines to award travel costs to defendant's counsel.

Plaintiff's Motion to Strike is in part based on F.R.Civ.P. 9(b), which provides, "In *all averments* of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." (emphasis added).

 Fraud on the Patent Office is viewed as broader than common law fraud. It encompasses both technical fraud and a wider range of inequitable conduct which would justify holding a patent unenforceable. *Norton v. Curtiss,* 433 F.2d 779, 793 (CCPA 1970). Common law fraud traditionally requires 1) a representation of a material fact; 2) the representation is false; 3) the representation was made with the intent that it be acted on; 4) the representation was believed to be true; and 5) the defendant relied on the false representation to his or her detriment. Fraud on the Patent Office, however, only requires a showing of culpability and materiality. *American Hoist & Derrick Co. v. Sowa & Sons, Inc.,* 725 F.2d 1350, 220 USPQ 763 (CAFC 1984). Defendant did not cite any, nor did the Court find, authority for its argument that F.R.Civ.P. 9(b) did not apply to fraud on the Patent Office. Although the two types of fraud have different elements, Rule 9(b) specifically applies to "all averments of fraud or mistake." Thus, fraud on the Patent Office is included within that rule.

 Defendant's tenth and eleventh affirmative defenses are identical, except that each refers to a different patent. These affirmative defenses allege that "the applicant and/or assignees of the applicant and/or their agent, had knowledge of publications, public knowledge, public sales and/or public use pertinent to and affecting the patentability of the invention claimed in said application and failed to disclose same to the United States Patent Office."

Burton J. Goldstein, Goldstein, Barceloux & Goldstein, San Francisco, Cal., John O. Tramontine, Henry J. Zafian, Fish & Neave, New York City, Mary Helen Sears, Memel, Jacobs, Pierno, Gersh & Ellsworth, Washington, D.C., for plaintiff.

Claude S. Hamrick, Robert O. Guillot, Hamrick, Hoffman, Guillot & Kazubowski, San Jose, Cal., Seymour Rothstein, Denis A. Berntsen, Daniel A. Boehnen, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., for defendant.

## ORDER

AGUILAR, District Judge.

The Court having received, read and considered plaintiff's Motion to Amend Complaint and plaintiff's Motion to Strike defendant's Tenth, Eleventh, Twenty-second and Twenty-third Affirmative Defenses, and having heard oral argument, now rules as follows.

The Court grants plaintiff's Motion to Amend Complaint. F.R.Civ.P. 15(a). The

4

Although Rule 9(b) "does not require pleading of detailed evidentiary matters," *King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (CCPA 1981), defendant has not adequately stated the facts explaining its allegations of fraud.

Defendant's twenty-second and twenty-third affirmative defenses are also identical, except that each refers to a different patent. These defenses allege misconduct and misrepresentation by plaintiff before the Patent and Trademark Office. Defendant failed to state with sufficient particularity examples of plaintiff's alleged misconduct and misrepresentations, and therefore, has not met the requirements of Rule 9(b).

The Court finds, therefore, that defendant has not pled in accordance with Rule 9(b). Plaintiff's motion is granted, and defendant is granted 20 days from the date of this Order in which to amend its affirmative defenses.

IT IS SO ORDERED.