**G & H TECHNOLOGY, INC., Plaintiff,**

**v.**

**The UNITED STATES, Defendant,**

**and**

**The Deutsch Company Electronic Components Division, Third-Party Defendant**

**and**

**Mid-Conn Electric, Inc., Third-Party Defendant**

**and**

**Penrod, Inc., Third-Party Defendant.**

**No. 502–84C.**

United States Claims Court.

Aug. 5, 1985.

ORDER ON PLAINTIFF'S MOTION TO STRIKE PARAGRAPHS 25 AND 29 OF THE AMENDED ANSWER OF THE DEUTSCH COMPANY ELECTRONIC COMPONENTS DIVISION

PHILIP R. MILLER, Judge:

Third-Party Defendant, The Deutsch Company Electronic Components Division (hereinafter Deutsch), alleges in its Amended Answer:

25. United States Patents 4,066,315; 4,106,839; 4,123,842 and 4,183,605 are invalid and unenforceable because of affirmative misrepresentations made by the applicants for said patents to the United States Patent and Trademark Office during prosecution of the applications for said patents, and because of said applicants' failure to meet their duties of candor and disclosure to the United States Patent and Trademark Office.

and

29. Plaintiff fraudulently caused Defendant to publish Military Specification 38999/46 to define connectors to be procured by or for the Defendant. Plaintiff failed to grant to Defendant a license in Patents 4,066,315; 4,106,839; 4,123,842 and 4,183,605, knowing that Defendant believed that connectors could be procured under such specifications without infringement of any of Plaintiff's patents. Plaintiff failed to advise Defendant that no connectors could be procured under such specification without being within the scope of Plaintiff's interpretation of its patents. As intended by Plaintiff, Defendant relied on Plaintiff's acts and failure to act, issued the specification, and procured connectors under the specification, thereby causing damage to Defendant, Third Parties, contractors and subcontractors because of the resulting restrictions on connector procurement.

Plaintiff has moved to strike these paragraphs pursuant to RUSCC Rule 12(f) as insufficient defenses, because they do not

William C. Steffin, Washington, D.C., attorney of record, for plaintiff. Lyon & Lyon and John W. Schneller, of counsel.

Allan Rothenberg, Orange, Cal., attorney of record, third-party defendant The Deutsch Co. Electronic Components Div. Gausewitz, Carr & Rothenberg, of counsel.

comply with the requirements of RUSCC Rule 9(b).

These rules provide:

RUSCC Rule 9. *Pleading Special Matters.*

(b) *Fraud.* .... In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity. ....

and

RUSCC Rule 12. *Defenses and Objections—When and How Presented....*

(f) *Motion to Strike.* Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense....

Rule 9(b) imposes a qualification upon the liberal pleading requirements of Rule 8(a) that a complaint need merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 8(e) that "Each averment of a pleading shall be simple, concise and direct," and that "No technical forms of pleading ... are required."

These rules are the counterparts of the identically numbered rules of the Federal Rules of Civil Procedure, and hence decisions construing the Federal Rules are pertinent as precedents herein.

■ The purposes of Rule 9(b) in requiring that the circumstances constituting fraud be stated with particularity are to deter the filing of charges of fraud as a pretext for discovery of unknown wrongs, to insure that allegations of fraud are sufficiently concrete and particularized so as to give notice of what acts are complained of and to enable effective response and defense, to prevent irresponsible and improvident charges of moral turpitude which injure reputation but are not supported by knowledge of any acts constituting wrong-

doing, and to insure that the charges are based upon reasonable beliefs that wrongs have been committed. *Segal v. Gordon,* 467 F.2d 602, 607–08 (2d Cir.1972); *Goldman v. Belden,* 98 F.R.D. 733, 735–36 (W.D.N.Y.1983), *vacated on other grounds,* 754 F.2d 1059 (2d Cir.1985); *Stewart v. Fry,* 575 F.Supp. 753, 756 (E.D. Mo.1983); *In re Commonwealth Oil/Tesoro Petroleum Corp. Securities Litigation,* 467 F.Supp. 227, 250 (W.D.Tex.1979).

■ As the court stated in *Segal,* 467 F.2d at 607–08, "A complaint alleging fraud should be filed only after a wrong is reasonably believed to have occurred; it should serve to seek redress of a wrong, not to find one."

■ Paragraph 25 alleges fraud on the Patent Office by Plaintiff in the making of misrepresentations and failure to meet its duties of candor and disclosure to such Office during prosecution of its applications for patents.* Such allegations are mere conclusions unsupported by any statements as to the circumstances, let alone particularity. Similar allegations in the same context have been stricken upon the filing of an appropriate motion. *Northern Engineering and Plastic Corp. v. Blackhawk Molding Co.,* 189 U.S.P.Q. 734 (N.D. Ill.1975); *PPG Industries, Inc. v. Celanese Coatings Co.,* 176 U.S.P.Q. 235, 236 (D.Md. 1972). And *see also* 5 Wright and Miller, *Federal Practice And Procedure,* §§ 1298, 1300 (1969); and 2A *Moore's Federal Practice And Procedure,* ¶ 9.03 (2d ed. 1985). And for the same reasons they should be stricken here.

■ Paragraph 29 alleges that plaintiff fraudulently caused the defendant (the United States) to publish a military specification for connectors without notice of plaintiff's claim that procurement of the connectors would constitute infringement of plaintiff's patent by defendant United States and third-party contractors. It states nothing as to time, place, persons or other circumstances sufficient to give

---

\* Although Defendant does not specifically use the word "fraud," the conduct it alleges amounts to

fraud. *J.P. Stevens & Co. v. Lex Tex Ltd.,* 747 F.2d 1553, 1559 (Fed.Cir.1984).

plaintiff adequate notice to defend against the charge. This paragraph is likewise wholly conclusionary in nature and insufficient to comply with Rule 9(b). Accordingly, it too must be stricken.

Defendant claims that plaintiff's motion is not timely because filed more than 20 days after the service of Deutsch's original pleading containing the allegations of fraud. However, although Rule 12(f) states that an insufficient defense in a pleading may be stricken upon motion made by a party within 20 days after service of the pleading, it also provides that it may be stricken upon the court's own initiative at any time. Accordingly, the court may consider the substance of an untimely motion at any time. *Uniroyal Inc. v. Heller,* 65 F.R.D. 83 (S.D.N.Y.1974); *Stonybrook Tenants Assn., Inc. v. Alpert,* 29 F.R.D. 165 (D.Conn.1961); *Rosenblatt v. United Airlines, Inc.,* 21 F.R.D. 110 (S.D. N.Y.1957).

Wherefore IT IS ORDERED that:

1. Paragraphs 25 and 29 of the Amended Answer to the Amended Complaint by Deutsch are stricken.

2. Deutsch is allowed 15 days to file a second amended answer, which will comply with the requirements of Rule 9(b), if it can do so.