**INTEL CORPORATION, Plaintiff,**

**v.**

**HYUNDAI ELECTRONICS AMERICA, INC.; Hyundai Electronics Industries Co., Ltd.; Amtel Corp.; International CMOS Technology, Inc.; Cypress Electronics, Inc.; All–American Semiconductor, Inc.; Pacesetter Electronics, Inc.; and George Perlegos; Defendants.**

**No. C 87–20534 RPA.**

United States District Court, N.D. California.

Nov. 24, 1987.

As Corrected Dec. 1, 1987.

**1114**

Philip P. Berelson, Chris R. Ottenweller, Brown & Bain, Palo Alto, Cal., James J. Elacqua, Arnold, White & Durkee, Houston, Tex., Edwin H. Taylor, Blakely, Sokoloff, Taylor & Zafman, Sunnyvale, Cal., for plaintiff.

Lawrence A. Klein, Eric N. Lindblom, Blase, Valentine & Klein, Palo Alto, Cal., for Intern. CMOS Tech., Inc.

Latham & Watkins, Jon D. Anderson, Costa Mesa, Cal., for defendant Pacesetter Electronics, Inc.,

Townsend & Townsend, George M. Schwab, Robert C. Colwell, San Francisco, Cal., for defendant Hyundai Electronics America, Inc., Hyundai Electronics Industries Co., Ltd., Cypress Electronics, Inc., All American Semiconductor, Inc., and Pacesetter Electronics, Inc.,

Kenneth L. Nissly, Michael D. Freeman, Thelen, Marrin, Johnson, & Bridges, San Jose, Cal., Janet F. Bentley, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for other defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AND/OR DISMISS

AGUILAR, District Judge.

### I. *Introduction.*

This is a case for patent infringement. Plaintiff Intel Corporation has moved to strike and/or to dismiss in part the answer filed by five of the eight defendants (the five defendants who are party to this motion are hereinafter referred to as the "defendants"). The Court grants in part and denies in part Intel's motion.

### II. *Facts.*

Plaintiff Intel filed suit against eight different defendants, alleging infringement of nine different patents. The patents involve Erasable Programmable Read Only Memory semiconductor chips (EPROMs). Intel has brought the present motion to strike and/or to dismiss parts of defendants' answer and counterclaim. The five defendants who have joined in the answer and counterclaim and who are parties to the

present motion are Hyundai Electronics America, Inc.; Hyundai Electronics Industries Co., Ltd.; Cypress Electronics, Inc.; All–American Semiconductor, Inc.; and Pacesetter Electronics, Inc.

On August 5, 1987, Intel filed its complaint. The defendants involved in the present motion answered and counterclaimed on October 5, 1987. That answer included five affirmative defenses and a one-count counterclaim.

On October 23, 1987, Intel moved to strike the third and fourth affirmative defenses and to dismiss paragraph 10 and prayer for relief A of defendants' answer and counterclaim. Intel argued that defendants' affirmative defenses and counterclaim allege fraud, but that defendants did not state with particularity the circumstances constituting the alleged fraud as required by Fed.R.Civ.P. 9(b). Rather than opposing Intel's motion, defendants have amended the existing counterclaim under Fed.R.Civ.P. 15(a) and have requested leave to amend their affirmative defenses. The amendments include two new affirmative defenses and two new counts in the counterclaim.

Intel then filed its reply brief and argued that defendants' amended answer and counterclaim still did not state with particularity the circumstances giving rise to the alleged fraud. Accordingly, Intel again requested the court to strike the third and fourth affirmative defenses and dismiss paragraph 10 and prayer for relief A of defendants' original answer and counterclaim. If leave to amend is granted, Intel has requested that the third, fourth, sixth and seventh affirmative defenses be stricken, that paragraph 10 of count one of the counterclaim and prayer for relief A be stricken and that defendants be required to obtain leave of the court to add counts two and three to their counterclaim. Defendants responded orally to those arguments at a hearing held on November 20, 1987.

## III. *Discussion.*

The following questions are raised by the parties:

1. Should the court allow defendants to amend and add to their affirmative defenses?
   a. If so, should the amended third, fourth, sixth and seventh affirmative defenses be stricken?
   b. If not, should the original third and fourth affirmative defenses be stricken?
2. Do defendants have an automatic right to add two counts to their counterclaim?
   a. If not, should the court allow the defendants to add two counts to their counterclaim?
3. Should paragraph 10 and prayer for relief A be stricken from the amended counterclaim? (Intel admits that defendants can amend their original count without leave of court.)

The Court will address each question in order.

*Question 1:*

Rule 15(a) states that leave of the court to amend a pleading "shall be freely given when justice so requires." Intel has not set forth any reasons why the court should not allow defendants to amend their answer. Additionally, Intel would not be prejudiced if the amendments were allowed. Therefore, the Court grants defendants leave to amend their answer and affirmative defenses.

*Question 1a:*

Whether the third and fourth affirmative defenses should be stricken depends on whether the defendants have alleged fraud with particularity. Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This Court and other courts have held that "fraud on the Patent Office is included within that rule." *Micro Motion, Inc. v. Exac Corp.*, 112 F.R.D. 2, 3 (N.D.Cal.1985) (Aguilar, J.); *see also G & H Technology, Inc. v. U.S.*, 8 Cl.Ct. 572, 227 U.S.P.Q. 491 (Cl.Ct.1985); *Northern Engineering & Plastics Corp v. Blackhawk Molding Co., Inc.*, 205 U.S.P.Q. 609 (N.D.Ill.1979); *PPG Industries, Inc. v. Celanese Coatings Co.*, 176 U.S.P.Q. 235 (D.Md.1972). However,

fraud on the Patent Office differs from common law fraud in that it "only requires a showing of culpability and materiality." *Micro Motion*, 112 F.R.D. at 3 (citing *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1363–64 (Fed.Cir. 1984)); *see also Norton v. Curtiss*, 433 F.2d 779, 793 (C.C.P.A.1970) (fraud on the Patent Office "encompasses both technical fraud and a wider range of inequitable conduct which would justify holding a patent unenforceable"). Other cases have held that allegations of fraud must be pled with specificity as to time, place and content of any misrepresentations or else be stricken. *Northern Engineering & Plastics v. Blackhawk Molding Co., Inc.*, 189 U.S.P.Q. 734 (N.E.Ill.1975); *PPG Industries*, 176 U.S.P.Q. at 236.

■ In their original third and fourth affirmative defenses, defendants did not allege fraud with specificity.[1] In their amended third defense,[2] defendants have set forth additional facts concerning fraud as to three patents, but have not done so for the other six patents at issue. Accordingly, the third defense is inadequate as to six of the patents. Because the defense applies to all "the patents," it should be stricken. Additionally, subparagraph "b"

is merely a conclusion which does not state the time, place or content of the alleged fraud. However, subparagraphs "a" and "c" do allege fraud with specificity as to two patents. Therefore, the Court strikes the entire amended third defense but grants 30 days leave to amend.

Defendants have not changed their fourth defense. It does not set forth facts supporting the alleged fraud. Nor does the fourth defense incorporate any prior factual allegations. Therefore, the Court strikes the fourth defense but grants 30 days leave to amend.

■ Defendants sixth defense does not state a basis on which the court could limit liability or find invalidity.[3] Defendants argue that under *Locite Corp. v. Ultraseal Ltd.*, 781 F.2d 861 (Fed.Cir.1985), their sixth defense is proper. However, in *Locite*, the defendant alleged that plaintiff "brought suit in bad faith ... and that such action constitutes an attempt to monopolize in violation of section 2 of the Sherman Act." *Id.* at 875. In the case at hand, defendants have not alleged that Intel violated the antitrust laws. Rather, the sixth defense concludes that Intel asserted infringement of many patents so that the

---

**1.** Defendants initial defenses were as follows:
*Third Defense*
On information and belief, the patents specified in the complaint were fraudulently and inequitably obtained by reason of Intel's willful concealment from and mischaracterization of the most relevant prior art to the United States Patent and Trademark Office, and its failure to comply with its duty of candor and good faith toward the U.S. Patent and Trademark Office, 37 .C.F.R. § 1.56.
*Fourth Defense*
On information and belief, Intel has asserted a group of patents against the above-named defendants, knowing full well that at least some of the patents were illegally and fraudulently obtained, and none of the patents in suit are enforceable against the above-named defendants.

**2.** The amended third defense reads:
*[Amended] Third Defense*
4. On information and belief, the patents specified in the complaint were .fraudulently and inequitably obtained, and Intel failed to comply with its duty of candor and good faith toward the U.S. Patent and Trademark Office, 37 C.F.R. § 1.56. In particular, the above-named defendants are informed and believe and on that basis allege that:

a. Intel deliberately failed to disclose to the Examiner the fact that the sense amplifier claimed as invention in claim 14 of U.S. Patent No. 3,938,108 was in public use and on sale on DRAMs, and the subject of printed publications in connection with DRAMs, before the alleged invention thereof by Intel;
b. Intel deliberately mischaracterized the prior art cited by the Examiner to obtain allowance of U.S. Patent No. 4,114,255; and
c. Intel did not disclose to the Examiner the fact that U.S. Patent No. 4,223,394, when interpreted as Intel has attempted to interpret the patent in this action, is anticipated by Intel's own U.S. Patents 3,938,108 and 4,048,518.

**3.** The sixth defense reads:
On information and belief, Intel has asserted U.S. Patents Nos. 3,398,108; 4,103,189; 4,223,-394; 4,250,570; 4,519,849; and 4,685,084 without a good faith belief that said patents were *infringed by the above-named defendants*, and has combined such patents with other patents in the belief that the Court, when faced with allegations of infringement of numerous patents, would find at least some of the patents infringed.

court would find infringement of at least some of the patents. Such an assertion does not constitute a cognizable defense. Therefore, the Court strikes the sixth defense but grants 30 days leave to amend.

■ Defendants' seventh defense alleges that Intel's action is barred by unclean hands.[4] To factually support the seventh defense, defendants referred to the prior allegations concerning fraud. However, as discussed *supra*, defendants have not alleged specific facts to support their contentions of fraud. In *Northern Engineering*, 205 U.S.P.Q. at 609–10, the defendant alleged the defense of unclean hands, but did not plead it with specificity. The court held that the defense of unclean hands involved elements of fraud and explained that "the standards of pleading should be identical." *Id.* at 610. In the case at hand, Intel should at least be notified of what the alleged defense of unclean hands refers to. Therefore, the Court strikes the seventh defense but grants 30 days leave to amend.

Question 1b: Given the previous discussion and holdings, Question 1b is moot.

Questions 2 & 2a:

■ Defendants argue that under Rule 15(a) they have an absolute right to amend their counterclaim. Intel argues that Rule 15(a) must be read in light of Rule 13(f), which states in part, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Accordingly, Intel asserts that defendants must obtain leave of court before they add counts to their counterclaim. Defendants assert that in the Ninth Circuit Rule 15(a) takes precedence over Rule 13(f). *A. J. Industries, Inc. v. United States District Court for the Central District of California*, 503 F.2d 384, 388 (9th Cir.1974) ("Where a responsive pleading had not yet been filed we see no reason why Rule 15(a) should not apply with Rule 13(f) coming into force after the filing of the responsive pleading."). Intel

points out that the Sixth Circuit has held that Rule 13(f) takes precedence. *Stoner v. Terranella*, 372 F.2d 89, 91 (6th Cir.1967) ("We conclude that the remedies provided by the two rules are mutually exclusive in the sense that an amendment asserting a previously omitted counterclaim ... is made pursuant to Rule 13(f) and not Rule 15(a)."). The Federal Circuit has not ruled on the question as it relates to patent cases. In any event, for the same reasons that the Court granted defendants leave to amend their answer, the Court grants defendants leave to add two new counterclaims.

Question 3:

■ Paragraph 10 of count one of defendants' counterclaim re-alleges by reference the allegations contained in all the affirmative defenses. Prayer for relief A requests a declaratory judgment that depends on paragraph 10. Intel claims that to the extent paragraph 10 and prayer for relief A rely on allegations of fraud, they are improper and should be stricken. However, because the insufficient affirmative defenses concerning fraud are stricken, paragraph 10 does not rely on any allegations of fraud. Accordingly, paragraph 10 and prayer for relief A are not improper. Therefore, the Court denies Intel's motion to strike paragraph 10 and claim for relief A.

IV. *Conclusion.*

The Court GRANTS defendants leave to amend their answer and counterclaim. However, the Court STRIKES the amended third, fourth, sixth and seventh affirmative defenses, but grants 30 days leave to amend. The Court DENIES Intel's motion to strike paragraph 10 and prayer for relief A.

IT IS SO ORDERED.

---

4. The seventh defense reads:
   For the reasons stated above, this action is

barred by Intel's unclean hands.