**Kenneth T. WOLF, Imperial Paint Applicators Ltd., Karmichael Industries Ltd., Simco Brush & Tool Corp. and Larius Di Castagna & C., S.N.C., Plaintiffs,**

v.

**WAGNER SPRAY TECH CORPORATION and J. Wagner GmbH, Defendants.**

No. 86 Civ. 9258 (JFK).

United States District Court, S.D. New York.

March 16, 1989.

Mandel, Weiss, Campise, Eisenberger &
Mandel, New York City (James F. Campise,
of counsel), for plaintiffs.

Walter, Conston, Alexander & Green,
P.C., New York City (Alan Kanzer, of coun-
sel), and Hill, Van Santen, Steadman &

Simpson, Chicago, Ill. (Dennis A. Gross, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge:

### BACKGROUND

Plaintiffs Imperial Paint Applicators Ltd., Karmichael Industries Ltd. and Simco Brush & Tool Corp. are all New York corporations and plaintiff Kenneth T. Wolf is a New York resident. Plaintiff Larius Di Castagna & C., S.N.C. ("Larius") is an Italian corporation which manufactures certain spray pumps which it distributes in the United States through the other plaintiffs. Defendant Wagner Spray Tech Corporation ("WST") is a Delaware corporation which manufactures and distributes painting equipment including airless spray pumps. Defendant J. Wagner GmbH is a West German company that manufactures painting equipment.

This action revolves around a patent originally issued to Joseph Wagner, a citizen of West Germany who is now deceased. Wagner applied for a patent for a paint spray pump. On December 21, 1970 he was granted patent number 3,680,981 ("'981 patent"). An application for reissue of the patent was made on December 19, 1974 and granted (the "reissue patent"). On April 14, 1980, Wagner assigned the patent to defendants WST and J. Wagner GmbH.

The parties have a lengthy history of litigation. On May 14, 1980, WST commenced an action in this Court against plaintiffs for infringement of the '981 patent (the "1980 action"). Plaintiffs counterclaimed alleging that the patent was invalid. In October 1980, WST filed a petition with the International Trade Commission ("ITC") asking for an investigation into whether plaintiffs had engaged in unfair competition by importing airless spray pumps which infringed on WST's patents. The ITC agreed to institute an investigation and gave notice to plaintiffs. Plaintiffs, after unsuccessfully seeking a stay of the ITC proceedings from this Court, did not participate in the investigation. On November 25, 1981, the ITC issued an order excluding certain Larius products from importation into the United States and determining that plaintiffs had infringed certain WST patents, including the '981 patent and the reissue patent. The 1980 action in this Court was dismissed by stipulation on April 17, 1981.

On November 20, 1980, J. Wagner GmbH brought a patent infringement action in the Munich District Court of the Federal Republic of Germany against Larius concerning a German patent, 21 04 783 (the "German patent"). On May 10, 1982, Larius brought suit against J. Wagner GmbH in the German Federal Patent Court to have the German patent declared invalid. In March 1983, that court declared the German patent invalid due to the existence of a prior utility model, German patent UM 69 04 669 (the "utility model"). J. Wagner GmbH appealed the ruling of the German Federal Patent Court. That appeal was withdrawn by J. Wagner GmbH in October 1984.

In 1984, Larius commenced another action in the District Court of Munich against J. Wagner GmbH charging that the German patent had been fraudulently obtained by Joseph Wagner. That litigation was settled in March 1985 with J. Wagner GmbH paying damages to Larius.

In September 1986, plaintiffs attempted to reopen the 1980 action in this Court in order to assert counterclaims alleging fraud. Plaintiffs argued that if the action was not reopened and their claims were not received as counterclaims to the 1980 action, those claims would be time-barred. *See* Opinion of Judge Robert W. Sweet of November 3, 1986 (Exhibit H to Gross Affidavit). Judge Sweet denied the motion to reopen finding that granting the motion would circumvent the statute of limitations.

Plaintiffs filed the present action on December 2, 1986. Plaintiffs assert three causes of action—the first under the Declaratory Judgment Act seeking a determination that the reissue patent is null and void, and the second and third for antitrust

violations under the Sherman Act, 15 U.S. C. §§ 1–2. Defendants now move to dismiss each cause of action pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## DISCUSSION

It is well-established that on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court may only dismiss the complaint, if, accepting all the allegations in the complaint as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### 1. *The Declaratory Judgment Cause of Action*

Plaintiffs' first cause of action seeks a declaratory judgment that the reissue patent is invalid due to alleged fraudulent statements and misrepresentations to the U.S. Patent Office and to the ITC by the defendants. Defendants seek to dismiss this cause of action arguing that this Court lacks subject matter jurisdiction since there is no present case or controversy.

■ In a patent action seeking a declaration regarding a patent's validity, declaratory judgment jurisdiction requires an examination of the "totality of the circumstances" to determine whether a defendant's conduct has

> "created on the part of the declaratory plaintiff a reasonable apprehension that it will face an infringement suit if it commences or continues the activity in question" and when the plaintiff has "actually produced the accused device" or has "prepared to produce such a device."

*Indium Corp. of Am. v. Semi–Alloys, Inc.,* 781 F.2d 879, 883 (Fed. Cir.1985) (quoting *Jervis B. Webb Co. v. Southern Systems, Inc.,* 742 F.2d 1388, 1398–99 (Fed. Cir. 1984)), *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986). Defendants argue that they are not threatening plaintiffs with an infringement suit and that the ITC exclusion order by its terms prevents plaintiffs from taking any action which would

promp‚ defendants to file an infringement suit.

■ Defendants' arguments are unavailing. In this case, plaintiffs have a reasonable apprehension that if they attempt to import the spray pump at issue into the United States, they will be subject to suit precisely because an exclusion order is in effect. Defendants' arguments that the present action is an impermissible attack on the ITC exclusion order is also unpersuasive since the ITC investigation concerned plaintiffs' infringement of the reissue patent rather than the validity of that patent. Any conclusions made by the ITC concerning the validity of the reissue patent were based solely on the legal presumption of validity of the patent and not on evidence presented by the parties. Thus, plaintiffs have presented a justiciable controversy under the Declaratory Judgment Act and this Court has subject matter jurisdiction over plaintiffs' first cause of action.

■ Defendants also argue that plaintiffs' first cause of action must be dismissed under Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that a plaintiff must state "the circumstances constituting fraud ... with particularity." Defendants contend that plaintiffs have failed to do this and the Court agrees. In the complaint, plaintiffs merely allege that defendants "filed false oaths or knew that false oaths had been fraudulently filed" with the U.S. Patent Office and the ITC and "withheld and concealed ... material facts of the prior art, including the existence of the [utility model] ... and the public use of the invention more than a year" before the filing date of the patent application. Complaint at ¶ 7. Courts have held that under Rule 9(b) the plaintiffs must outline the specific statements made, the defendant who made them, and the time and place they were made. *See Sterling Nat'l Bank & Trust Co. v. Federated Dep't Stores, Inc.,* 612 F.Supp. 144, 147–48 (S.D.N.Y.1985); *Fraser v. Doubleday & Co., Inc.,* 587 F.Supp. 1284, 1289 (S.D.N.Y. 1984). Plaintiffs' allegations of fraudulent statements and omissions do not satisfy the requirements of Rule 9(b) without a recita-

tion of the particular statements made, the reasons why those statements were fraudulent and the basis for this belief. Thus, plaintiffs' first cause of action must be dismissed with leave to replead within forty-five (45) days from the date of this Order.

### 2. *The Antitrust Causes of Action*

■ Defendants argue that plaintiffs' second and third causes of action which allege violations of the Sherman Act, specifically § 1 (restraint of trade) and § 2 (monopolization), are barred by the applicable four-year statute of limitations under 15 U.S.C. § 15. Under the antitrust laws, a cause of action accrues "when a defendant commits an act that injures a plaintiff's business." *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 339, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971).

In their complaint, plaintiffs allege that defendants filed false oaths in connection with the applications for the '981 patent and the reissue patent in December 1970 and December 1974 respectively. Plaintiffs also allege fraud on the part of the defendants in connection with the proceedings before the International Trade Commission which resulted in the issuance of the exclusion order on November 24, 1981. Defendants argue that since the last anticompetitive act alleged was the withholding of information in connection with the ITC exclusion order of November 1981, this action is time-barred. Plaintiffs respond that defendants' continuing use of the patent and their refusal to surrender the patent or to notify Customs officials of the invalidity of the patent constitute anticompetitive acts which begin the running of the four-year statute of limitations.

■ The Court disagrees with plaintiffs. In *Zenith*, the Supreme Court referred to the necessity that the defendant commit an anticompetitive act and courts have echoed this requirement. *See In re Multidistrict Vehicle Air Pollution*, 591 F.2d 68, 71–72 (9th Cir.) (plaintiff may only recover for damages caused by "overt acts" committed within limitations period), *cert. denied*, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979); *Imperial Point Colonnades Condominum v. Mangurian*, 549 F.2d 1029, 1035 (5th Cir.) ("no new cause of action accrues for the damages occurring within the limitations period because no act committed by the defendant within that period caused them") (emphasis omitted), *cert. denied*, 434 U.S. 859, 98 S.Ct. 185, 54 L.Ed.2d 132 (1977); *Argus Inc. v. Eastman Kodak Co.*, 552 F.Supp. 589, 594 (S.D.N.Y.1982) (claims premised on conduct occurring outside limitations period are time-barred), *aff'd*, 801 F.2d 38 (2d Cir.1986), *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987); *Woodbridge Plastics, Inc. v. Borden, Inc.*, 473 F.Supp. 218, 221–22 (S.D.N.Y.) (same), *aff'd mem.*, 614 F.2d 1293 (2d Cir.1979). In the present case, the last act alleged to have injured plaintiffs is the withholding of information from the ITC. Since the ITC exclusion order was issued on November 24, 1981, more than four years prior to the commencement of this action, plaintiffs' second and third causes of action are time-barred.

■ Plaintiffs urge that the statute of limitations exception of fraudulent concealment is applicable. Plaintiffs must plead three elements in order to establish fraudulent concealment: "(1) wrongful concealment of their actions by defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire and Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975); *Donahue v. Pendleton Woolen Mills, Inc.*, 633 F.Supp. 1423, 1443 (S.D.N.Y.1986). Proof of fraudulent concealment creates an equitable tolling of the statute of limitations and the burden rests upon the party pleading fraudulent concealment. *Id.*

Plaintiffs' second and third causes of action under the Sherman Act allege that defendants filed false oaths in connection with its applications for United States patents and in its petition to the ITC. Specifically, plaintiffs allege that defendants concealed the existence of the West German utility model as prior art and that defen-

dants failed to disclose the public use of the invention more than one year before the filing date of the application for the U.S. patent, December 21, 1970. Complaint at ¶ 7.

As to the existence of the utility model, defendants respond that plaintiffs knew of the existence of the utility model as early as November 1980 when defendant J. Wagner GmbH filed a patent infringement action against Larius in the Munich District Court. The complaint in that action contained a copy of the German patent which specifically referred to the utility model as one of several "publications consulted for the evaluation of patentability." *See* Exhibit G to Gross Affidavit. Although plaintiffs do not deny that they knew of the existence of the utility model in 1980, they argue that they did not realize the significance of the utility model as prior art.

Courts have held that "facts that should arouse suspicion ... are equated with actual knowledge of the claim." *Donahue*, 633 F.Supp. at 1443; *see also Dayco*, 523 F.2d at 394. Thus, a court should look to the time when a significant fact emerges rather than the time when a particular party realizes he has a claim. In the present case, the Court finds that plaintiffs have not presented sufficient evidence to indicate that defendants fraudulently concealed the existence of the utility model and therefore, the statute of limitations period is not tolled.

Plaintiffs also maintain that defendants concealed the public use of the device known as the Wagner Airless 4000 (the "4000 unit") before the filing of the patent application in 1970. Plaintiffs merely state that they had no knowledge of such public use. Defendants, however, have submitted to the Court a copy of an August, 1969 Letter from Larius to J. Wagner GmbH indicating that Larius had in fact purchased the 4000 unit from J. Wagner GmbH. *See* Exhibit A to Declaration of Robert Muenzhuber of July 30, 1987. The Court finds this evidence persuasive and concludes that plaintiffs have shown insufficient evidence of fraudulent concealment of the public use of the 4000 unit by defen-

dants. Thus, since there is no fraudulent concealment exception which would toll the four-year statute of limitations, plaintiffs' second and third causes of action are time-barred.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiffs' second and third causes of action is granted. Defendants' motion to dismiss plaintiffs' first cause of action is also granted pursuant to Rule 9(b) with leave to replead within forty-five (45) days from the date of this Order.

SO ORDERED.