**SUN–FLEX COMPANY INCORPORATED, a California Corporation, and DACA International B.V., a Netherlands Corporation, Plaintiffs/Counterdefendants,**

v.

**SOFTVIEW COMPUTER PRODUCTS CORP., a New York Corporation, and Robert King, Defendants/Counterplaintiffs.**

No. 89 C 296.

United States District Court, N.D. Illinois, E.D.

Nov. 20, 1990.

Raymond P. Niro, William L. Niro, Samuel L. Alberstadt, Niro, Scavone, Haller & Niro, Chicago, Ill., Albert J. Hillman, Henry C. Bunsow, Mark L. Pettinari, William J. Bohler, Townsend and Townsend, San Francisco, Cal., for plaintiffs/counterdefendants.

Brian W. Norkett, Riordan, Larson, Bruckert & Moore, Chicago, Ill., Philippe Bennett, Kenyon & Kenyon, New York City, for defendants/counterplaintiffs.

## ORDER

BUA, District Judge.

The plaintiffs in this patent infringement action, Sun–Flex Company and Daca International B.V., have moved to strike an affirmative defense asserted by defendants Softview Computer Products Corp. and Robert King. In paragraph 21 of the amended answer, defendants attack the enforceability of the disputed patent on the ground that plaintiffs engaged in "inequitable conduct" before the Patent and Trademark Office ("PTO").

To adequately plead an affirmative defense of inequitable conduct, defendants must allege that plaintiffs failed to disclose material information (or submitted false information) to the PTO, with the intent to mislead. *J.P. Stevens & Co. v. Lex Tex Ltd.*, 747 F.2d 1553, 1559 (Fed.Cir. 1984), *cert. denied*, 474 U.S. 822, 106 S.Ct. 73, 88 L.Ed.2d 60 (1985). In support of their motion to strike, plaintiffs contend that defendants have failed to allege the requisite element of intent. This court disagrees. Paragraph 21 of the amended answer specifically states that plaintiffs "willfully or with gross negligence" committed certain inequitable acts which misled the PTO. For purposes of pleading the intent element for inequitable conduct, such an allegation is sufficient. *See J.P. Stevens & Co.*, 747 F.2d at 1560; *Hycor Corp. v. Schlueter Co.*, 740 F.2d 1529, 1540 (Fed. Cir.1984). After all, "[p]roof of deliberate scheming is unnecessary; gross negligence

may constitute sufficient wrongful intent to support a holding of inequitable conduct." *Smithkline Diagnostics, Inc. v. Helena Laboratories Corp.*, 859 F.2d 878, 891 (Fed.Cir.1988).

Plaintiffs also argue that defendants have not set forth the allegations in their affirmative defense with sufficient specificity. As plaintiffs correctly point out, allegations of inequitable conduct must be measured against the standard of Fed.R.Civ.P. 9(b). *Northern Eng'g & Plastics Corp. v. Blackhawk Molding Co.*, 205 U.S.P.Q. 609, 610 (N.D.Ill.1979); *see also Micro Motion, Inc. v. Exac Corp.*, 112 F.R.D. 2, 3 (N.D.Cal.1985). Under Rule 9(b), "the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). In order to comply with this pleading requirement, defendants must specify the time, place, and content of any alleged misrepresentations that plaintiffs made to the PTO. *Northern Eng'g & Plastics Corp. v. Blackhawk Molding Co.*, 189 U.S.P.Q. 734, 734 (N.D.Ill.1975); *PPG Indus., Inc. v. Celanese Coatings Co.*, 176 U.S.P.Q. 235, 236 (D.Md.1972); *see also Derson Group, Ltd. v. Right Management Consultants, Inc.*, 683 F.Supp. 1224, 1227 (N.D.Ill.1988). Evaluated within the framework of Rule 9(b), defendants' allegations are insufficient to withstand plaintiffs' motion to strike. *See Wolf v. Wagner Spray Tech Corp.*, 715 F.Supp. 504, 507–08 (S.D.N.Y.1989); *Intel Corp. v. Hyundai Elecs. Am., Inc.*, 692 F.Supp. 1113, 1116 (N.D.Cal.1987). Defendants merely allege that plaintiffs failed to disclose "material facts including prior art, prior inventions and patent application(s)." Amended Answer, ¶ 21(a). Defendants further allege that plaintiffs "falsified inventorship," "mischaracterized ... prior public usages," and "misrepresented material facts" relevant to the PTO's decision to issue the patent. *Id.* ¶ 21(b). Such overly broad accusations of fraudulent activity simply do not rise to the level of particularity contemplated by Rule 9(b). The amended answer does not identify the precise content of the alleged fraudulent representations and omissions. Moreover, defen-

964

dants have not disclosed the time frame during which the inequitable conduct occurred.

 Acknowledging that their allegations of inequitable conduct are somewhat deficient, defendants urge the court to look beyond the pleadings to determine whether plaintiffs have been put on notice as to the nature of the alleged fraud. Generally, material outside of the pleadings is not considered on a motion to strike. *United States Football League v. National Football League*, 634 F.Supp. 1155, 1165 (S.D. N.Y.1986); *Marco Holding Co. v. Lear Siegler, Inc.*, 606 F.Supp. 204, 212 (N.D.Ill. 1985). While an interrogatory answer submitted by defendants contains some examples of the alleged inequitable conduct, the court finds that it would be more appropriate for defendants to properly amend their answer before the parties embark on extensive discovery regarding the issue of fraud. Defendants certainly will not suffer any prejudice by filing an amendment to correct the defects in their pleadings.

Accordingly, plaintiffs' motion to strike is granted. Defendants are allowed twenty days to amend paragraph 21 of their amended answer in conformity with Rule 9(b).

IT IS SO ORDERED.