## In re PAPST LICENSING, GMBH PATENT LITIGATION

No. Civ.A. 00–3760.
No. MDL 1298.

United States District Court,
E.D. Louisiana.

April 30, 2001.

---

2. *See,* Record, 249–262, 377–394 (Rec.Doc. No. 14).

Harry Simms Hardin, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, Gene W. Lafitte, Sr., Liskow & Lewis, New Orleans, LA, Steven W. Usdin, Stone, Pigman, Walther, Wittman & Hutchinson, LLP, New Orleans, LA, James Richard Swanson, Correro Fishman Haygood Phelps Walmsley & Casteix, LLP, New Orleans, LA, R. Mark Halligan, Welsh & Katz, Ltd., Chicago, IL, for Papst Licensing, GmbH, Patent Litigation.

Michael J. Beck, Clerk, MDL Panel, Washington, DC, pro se.

Neel I. Chatterjee, Orrick, Herrington & Sutcliffe, LLP, Menlo Park, CA, for Neel I. Chatterjee.

### MEMORANDUM AND ORDER

SEAR, District Judge.

*Background*

Minebea, a hard drive disc ("HDD") motor manufacturer, entered into a license agreement with Papst, allowing Minebea to use Papst patents to manufacture HDD motors. IBM sells products that contain HDD motors purchased from Minebea. Papst's complaint alleges that IBM's use of Minebea HDD motors infringes Papst patents.

In its answer to the Papst complaint, IBM's tenth affirmative defense alleges that the Papst patents are unenforceable because of Papst's inequitable conduct in prosecuting the patents before the United

States Patent and Trademark Office ("PTO"). IBM alleges that Papst was aware of prior art and failed to disclose that prior art to the PTO. IBM further alleges that Papst made misrepresentations during patent prosecution with respect to prior art, the meanings of various terms, and the identification of various components.

Papst and IBM have attempted to resolve the issues arising under IBM's tenth affirmative defense, without the need for Court intervention. Because the negotiations have been unsuccessful, Papst filed a motion to strike IBM's tenth affirmative defense under Federal Rule of Civil Procedure 12(f).[1] Papst argues that IBM's tenth affirmative defense fails to allege inequitable conduct with the specificity required by Federal Rule of Civil Procedure 9(b).[2]

IBM responded to Papst's motion to strike, and described in its brief certain alleged factual bases for its tenth affirmative defense. IBM asserts that, because it informed Papst of these factual bases for its defense, the Papst motion to strike should be denied. IBM further argues that, through discovery, it will likely uncover additional facts to support its defense. In its reply memorandum, Papst argues that IBM should not be allowed to use discovery to find facts to adequately plead its tenth affirmative defense.

### DISCUSSION

■ Allegations of inequitable conduct before the PTO renders a patent unenforceable. *See Chiron Corp. v. Abbott Lab.*, 156 F.R.D. 219, 220 (N.D.Cal.1994). Courts have held that allegations of inequitable conduct before the PTO, like other allegations of fraud, are subject to the particularity requirements of Rule 9(b). *See Laitram Corp. v. OKI Electric Indus. Co.*, 30 U.S.P.Q.2d 1527, 1533 (E.D.La. 1994) (quoting *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 178 (E.D.N.Y.1988)) (citing *Sun–Flex Co. v. Softview Computer Products Corp.*, 750 F.Supp. 962, 963 (N.D.Ill.1990); *IPPV Enter. v. Cable/Home Communications*, 25 U.S.P.Q.2d 1894, 1896 (S.D.Cal.1992)). Rule 9(b) makes no exceptions for affirmative defenses or particular types of fraud; public policy dictates that the affirmative defense of inequitable conduct is also subject to the Rule 9(b) particularity requirement. *See Chiron*, 156 F.R.D. at 221.

■ To satisfy the particularity requirement of Rule 9(b), IBM, as the alleged patent infringer, must state the time, place and nature of the alleged fraudulent activity; mere conclusory allegations of fraud are insufficient. *See id.* at 222. Allegations of inequitable conduct must give Papst, the patent holder, notice of the particular misconduct alleged so that it can defend against the charge. *See id.* IBM must offer specific facts that Papst can either deny or controvert. *See id.* However, although IBM must plead specific facts, it need not plead evidence to satisfy Rule 9(b). *See id.* at 223 n. 2.

1. FED. R. CIV. P. 12(f) provides:

    Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

2. Fed.R.Civ.P. 9(b) provides:

    In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

IBm, at a minimum, must specify the nature of the deception engaged in by Papst, *see id.*, as well as indicate why or how a misrepresentation or omission is material and the reason why the alleged conduct is inequitable. *See Energy Absorption Sys., Inc. v. Roadway Safety Serv., Inc.*, 28 U.S.P.Q.2d 1717, 1719 (N.D.Ill.1993).

The Federal Circuit has held that intent to deceive is a required element of inequitable conduct. *See Samsung Elec. Co. v. Texas Instruments, Inc.*, 39 U.S.P.Q.2d 1673, 1675, 1996 WL 343330 (N.D.Tex. 1996) (citing *Kingsdown Medical Consultants v. Hollister, Inc.*, 863 F.2d 867 (Fed. Cir.1988)). A pleading should also identify the person who made misrepresentations and what that person obtained by making the misrepresentations. *See id.* at 1676.

In *Laitram*, the Eastern District of Louisiana held that allegations of inequitable conduct should identify four elements: (1) the particular statements, misrepresentations, or omissions made; (2) when the complained of acts or omissions occurred; (3) the reason why those acts or omissions were inequitable; and (4) the basis for that belief. *See Laitram*, 30 U.S.P.Q.2d at 1533.

On its face, IBM's tenth affirmative defense does not state with particularity the time, place or nature of the alleged inequitable conduct. IBM's defense states conclusory allegations of inequitable conduct, failure to disclose prior art, and misrepresentations. IBM did not identify the specific statements that are alleged misrepresentations or the specific prior art that Papst failed to disclose. In addition, IBM did not state when the conduct occurred or why the conduct is inequitable. IBM's tenth affirmative defense does not satisfy the Rule 9(b) particularity requirement.

IBM argues that it has negotiated with Papst to resolve the issues presented by its tenth affirmative defense. IBM claims that it has provided Papst with notice of its factual bases for the defense and that Papst's motion to strike should, therefore, be denied. IBM's factual bases for its allegations of inequitable conduct, which were provided to Papst in correspondence, specifically identify the time and nature of the inequitable conduct; however, IBM failed to specify particular statements that are alleged misrepresentations. For example, IBM states that Papst mislabeled "certain figures" in one patent application. To satisfy the Rule 9(b) particularity requirement, IBM should state which figures were mislabeled.

Even if the factual bases that IBM provided to Papst did satisfy the Rule 9(b) particularity requirement, IBM's pleading remains deficient. IBM argues that, through correspondence, it provided Papst with specific facts showing inequitable conduct. However, IBM failed to include any of these facts in its answer. IBM's pleading deficiencies cannot be cured through correspondence. *See Brown v. North Cent. F.S., Inc.*, 173 F.R.D. 658, 670 (N.D.Iowa 1997) (holding that specific facts showing fraud must be set forth in the complaint, not in a brief).

IBM further argues that, through discovery, it will likely uncover additional facts to support its defense. The purpose of Rule 9(b) is to prevent extensive and unwarranted discovery. *See Samsung*, 39 U.S.P.Q.2d at 1676. Vague allegations of inequitable conduct may allow the alleged patent infringer "to embark on wide-ranging discovery upon a thimble-full of facts. This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter." *Chiron*, 156 F.R.D. at 221. IBM should not be allowed to use discovery to ade-

quately plead its inequitable conduct defense.

Accordingly,

Considering the foregoing,

IT IS ORDERED that IBM is granted until May 15, 2001, to amend its answer to adequately plead its tenth affirmative defense. If IBM does not adequately amend its answer by May 15, 2001, Papst's motion to strike will be granted.