## SCERVINI v. MILES LABORATORIES, Inc.

United States District Court
S. D. New York.

May 21, 1951.

Harry Price, New York City, for plaintiff.

Rogers, Hoge & Hills, New York City, for defendant (Rogers & Woodson, Chicago, Ill., of counsel).

LEIBELL, District Judge.

Defendant moves under Rule 12(e), Fed. Rules Civ.Proc., 28 U.S.C.A., for "a more definite statement of the nature and substance of the allegations set forth in paragraphs numbered 21 and 22" of the complaint. Rule 12(e) provides that "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading".

Paragraphs 21 and 22, which are part of plaintiff's second claim or cause of action, allege:

"21. Upon information and belief, applications for such trade-marks were not duly filed and were not duly issued and Defendant falsely and deliberately represented to the Patent Office that said term One-A-Day or the end thereof 'A-Day' had become associated with its products and that it had exclusive use and ownership thereof, which statements and allegations to the Patent Office were false and without basis in law and fact and said applications were issued as trade-mark registrations by the Patent Office based upon Defendant's wilful and knowing misrepresentations and misstatements to the Patent Office in connection with said applications which matured into said registrations.

"22. Now that Defendant has obtained such trade-mark registrations which it persuaded the Patent Office to grant under mistake of law and mistake of fact, it is now threatening the Plaintiff and its customers, and prospective customers with infringement and injunction under said trade-mark registrations No. 397,637 and No. 523,578, which are in effect invalid and void and should be cancelled."

Defendant contends that those allegations charge the defendant with fraud in applying for the registration of the trade-marks, and allege a mistake of law and of fact on the part of the Patent Office in granting the application for the trade-mark registrations. Rule 9(b), F.R.Civ.Proc. provides that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" in a pleading. The defendant asserts that paragraphs 21 and 22 of the complaint do not comply with that rule.

In my opinion the allegations of paragraphs 21 and 22 of the complaint are in sufficient particularity to comply with Rule 9(b). Further, they are not vague or ambiguous, and accordingly do not come within the purview of Rule 12(e). The allegations of paragraphs 21 and 22 of the complaint are sufficiently clear and definite to enable the defendant to serve a responsive pleading. If the defendant wishes to obtain any additional information concerning those allegations it may serve interrogatories on the plaintiff in accordance with Rule 33, F.R.Civ.Proc.

The defendant's motion is denied. Settle an order.