EMC CORPORATION, Plaintiff,

v.

STORAGE TECHNOLOGY CORP., Defendant.

Civil Action No. 94–482–JJF.

United States District Court, D. Delaware.

Feb. 20, 1996.

William J. Marsden, Jr., and Joanne Ceballos, of Potter Anderson & Corroon, Wilmington, Delaware; Wayne M. Harding, Charles H. De La Garza, Richard Auchterlonie, and Gay L. Bonorden, of Arnold, White & Durkee, Houston, Texas; Paul T. Dacier, John M. Gunther, of EMC Corporation, Hopkington, Massachusetts, for Plaintiff.

Arthur G. Connolly, Jr., of Connolly, Bove, Lodge & Hutz, Wilmington, Delaware; Jon R. Stark, and Bernard H. Chao, Mark R. Scadina of Pennie & Edmonds, Menlo Park, California; George C. Summerfield, Christine E. Lehman, of Pennie & Edmonds, Washington, DC; W. Russell Wayman, of Storage Technology Corporation, Louisville, Colorado, for Defendant.

### MEMORANDUM OPINION

FARNAN, District Judge.

## I. INTRODUCTION

Presently before the Court is the Motion for a More Definite Statement (D.I. 96.) filed by Defendant Storage Technology Corporation ("STK"). STK claims that Plaintiff EMC Corporation ("EMC") has failed to plead facts with particularity in Paragraph Seven of its Counterclaim and Answer to Defendant STK's Third Counterclaim as required by Fed.R.Civ.P. 9(b). Specifically, STK contends that EMC alleges inequitable conduct by STK during the prosecution of United States Patent Number 5,459,857 ("the '857 patent") but does not provide any specific instances or examples of the alleged misconduct. (D.I. 96 at 1–2, ¶¶ 1–6; id. at 4.)

EMC claims that it has not only pled facts concerning the alleged inequitable conduct of STK sufficient under Rule 9(b), but that it has also filed a supplemental response to STK's interrogatories concerning its contentions, which bolster its pleadings. (D.I. 101 at 2–3, ¶¶ 1–4; id. at 5–7.) For the reasons discussed, the Court concludes that EMC's assertion of inequitable conduct in Paragraph Seven of its Counterclaim and Answer to Defendant STK's Third Counterclaim does not meet the standard required by Rule 9(b).

## II. DISCUSSION

### A. Rule 9(b)

■ STK claims that the language in Paragraph Seven of EMC's Counterclaim and Answer fails to give any specifics concerning what material prior art it allegedly withheld during the '857 patent litigation. (D.I. 96 at 4.) Paragraph Seven reads:

7. The Ludlam '857 patent-in-suit is unenforceable due to inequitable conduct practiced by STK, its employees and its agent(s) during the prosecution of the Ludlam '857 patent-in-suit. The failure of STK, its employees or agent(s) to disclose to the United States Patent Office material prior art known to STK prior to the issuance of the Ludlam '857 patent-in-suit constitutes inequitable conduct. For example, EMC made STK aware of material prior art to the Ludlam '857 patent-in-suit by EMC's Supplemental Response to STK's Interrogatory Nos. 10–17, served on STK on July 25, 1995, prior to the October 17, 1995 issuance of the Ludlam '857 patent-in-suit. The Supplemental Response to STK's Interrogatory Nos. 10–17 identified material prior art not disclosed by STK to the United States Patent Office. Since STK has brought to the attention of the patent examiner the prior art cited by EMC in EMC's initial Response to STK's Interrogatory Nos. 10–17, yet failed to do so for the July 25, 1995 response, it is clear that such a withholding by STK was willful with the intent to mislead the patent examiner wrongfully into allowing the case. Furthermore, upon information and belief, STK and those substantially involved in the prosecution of the patent-in-suit failed

to advise the patent examiner of other known remote dual copy prior art and did so with the intent to mislead the patent examiner into allowing the '857 patent-in-suit to issue.

EMC contends that the language in Paragraph Seven fulfills the particularity requirements of Rule 9(b). In addition, EMC claims that STK failed to include Paragraph Eight in its motion, which did allege a specific example of misconduct. (D.I. 101 at 4, 5.) Paragraph Eight reads:

8. Moreover, the Ludlam '857 patent is unenforceable due to inequitable conduct because STK, through its attorneys and named inventors, misrepresented to the United States Patent Office that the development of the alleged invention claimed in the Ludlam '857 patent-in-suit continued without substantial interruption from prior to June 15, 1990, until the filing of the application that matured into the Ludlam '857 patent-in-suit. Upon information and belief, this was a misrepresentation which was material because the patent examiner withdrew its rejection of certain claims of the Ludlam '857 patent-in-suit and allowed the claims. Upon information and belief, STK and/or its attorneys and named inventors and agents made this material misrepresentation intentionally with the intent to mislead the patent examiner into withdrawing his rejection and allowing the '857 patent to issue.

▆▆▆ As the Court has previously ruled, the particularity requirement of Rule 9(b) applies to inequitable conduct charges. (D.I. 125.) Pleadings that disclose the name of the relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b). *See Schwarzkopf Tech. Corp. v. Ingersoll Cutting Tool Co.*, 820 F.Supp. 150, 154 (D.Del.1992) (disclosure of prior art patent fulfills pleading requirements of 9(b)). Rule 9(b) does not require that the complaint allege the date, time or place of the alleged inequitable conduct, provided the complaint gives the defendants notice of the precise misconduct alleged. *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

Although EMC contends that the recitation of inequitable conduct in Paragraph Eight suffices to meet the particularity requirements of Rule 9 as it may pertain to Paragraph Seven, the Court finds that even taken together, Paragraph 7 and 8 are insufficient under Rule 9. At a minimum, EMC should have disclosed the relevant prior art. Thus, applying the pleading requirements of Rule 9(b), the Court concludes that EMC has failed to plead facts with sufficient particularity in Paragraph 7 of its Counterclaim to establish a charge of inequitable conduct.

### B. Use of Interrogatories To Meet The Rule 9 Particularity Requirement

▆▆▆ EMC contends that Rule 9, allows a party to further develop its allegations through discovery. (D.I. 101 at 7.) EMC contends that inequitable conduct allegations can satisfy Rule 9(b) if they are clarified in subsequent interrogatories. (D.I. 101 at 7.) STK disagrees, stating that to permit EMC to use interrogatories to clarify its vague pleadings leaves STK without notice of the specific claims against it. (D.I. 110 at 4.)

EMC cites *Scripps Clinic and Research Foundation v. Baxter Travenol Labs., Inc.*, 7 U.S.P.Q.2d 1562, 1564 (D.Del.1988), for the proposition that interrogatories may supplement an otherwise defective pleading. However, *Scripps* did not address the issue of whether a defective pleading asserting a claim of inequitable conduct can be salvaged by subsequent discovery. *Scripps* held that the pleadings in that case were sufficient even under the higher standard of Rule 9(b). The Court referred to the clarifications in the interrogatories only as support for its conclusion that the pleadings were sufficient on their face. *Id.* In this case, the Court has concluded that the pleading is insufficient on its face.

Only a handful of courts have addressed the issue of whether pleadings found to be inadequate under Rule 9(b) may be salvaged by future discovery. The Courts that have examined the issue have held that they cannot. *See, e.g., Nichols Motorcycle Supply, Inc. v. Dunlop Tire Corp.*, No. 93 C 5578, 1994 WL 113108, at *2–3 (N.D.Ill. March 30,

1994) (plaintiff cannot "indirectly amend its complaint to include its responses to interrogatories"); *see also id.*, at *3 (even if interrogatory recites all information, defendant is entitled to reassurance that response is entire basis for fraud claim); *National Union Fire Ins. Co. of Pittsburgh v. Continental Illinois Corp.*, 658 F.Supp. 775, 778 (N.D.Ill 1987) (not deciding issue but pointing out that "how discovery responses can cure threshold pleading defects is another unexplained mystery"). Other courts have held that where the allegations are pled with particularity, the parties may then rely upon interrogatories for specific details. *Union Mutual Life Ins. Co. v. Simon*, 22 F.R.D. 186, 187 (E.D.Pa.1958) (where pleadings are particular, purpose of interrogatories is to elicit complete and exact details); *Scervini v. Miles Laboratories, Inc.*, 91 U.S.P.Q. 206, 207, 11 F.R.D. 542 (S.D.N.Y.1951) (where pleadings fulfil particularity requirements, defendants can use interrogatories to obtain additional information). Thus, the Court concludes that EMC may not use its interrogatory responses to fulfill the particularity requirements of Rule 9(b). Accordingly, the Court concludes that Paragraph Seven of EMC's Counterclaim and Answer to STK's Third Counterclaim fails to meet the particularity requirement of Rule 9(b).

## III. CONCLUSION

For the reasons discussed, the Court will grant Defendant STK's Motion for a More Definite Statement. (D.I. 96.)

An appropriate Order will be entered.