SYSTEMATION, INC., Plaintiff,

v.

ENGEL INDUSTRIES, INC., Defendant.

Civ.A. No. 97–10375–RBC.

United States District Court,
D. Massachusetts.

Oct. 30, 1998.

Alfred W. Breiner, Theodore A. Breiner, Alexandria, VA, Cornelius J. Moynihan, Jr., Peabody & Brown, Boston, MA, for Plaintiff.

John H. Henn, Marc K. Temin, Foley, Hoag & Eliot, Boston, MA, John F. Cowling, John H. Quinn, III, Armstrong, Teasdale, Schlafly & Davis, St. Louis, MO, for Defendant.

### OPINION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S INEQUITABLE CONDUCT CLAIM UNDER RULES 12(b)(6) AND 9(b) OR IN THE ALTERNATIVE TO STRIKE UNDER RULE 12(f)(# 61)

COLLINGS, United States Magistrate Judge.

#### I.  Introduction

In this patent infringement case, defendant has pled inequitable conduct as an affirmative defense and as a basis for its counterclaim. Plaintiff has moved this Court to dismiss that affirmative defense under Rule 12(b)(6), Fed.R.Civ.P., or to strike the defense under Rule 12(f), Fed.R.Civ.P., for failure to comply with the requirement of Rule 9(b), Fed.R.Civ.P., that the defense be pled with particularity. For the reasons stated herein, the motion to strike will be allowed.

#### II.  Background

In this lawsuit, Systemation claims an Engel apparatus infringes Systemation's patents directed to a method and apparatus for automatically inserting angle plates into duct flanges. Engel filed an Answer and a counterclaim for a declaratory judgment that the Systemation patents are invalid and/or unenforceable. Paragraph 21 of Engel's Answer states as follows:

> The '880 and '944 patents are unenforceable because during prosecution of the '880 and '944 patents, the applicant willfully or with gross negligence committed certain inequitable acts that misled the Patent and Trademark Office. In particular, the applicant, having knowledge of certain prior art willfully refrained from disclosing such prior art to the Patent and Trademark Office and, therefore, violated his duty of disclosure.

# 37, Answer at ¶ 21.

Paragraph 7 of Engel's Answer likewise claims that the patents at issue are unenforceable. # 37, Counterclaim at ¶ 7.

Systemation argues now that Engel's affirmative defense and counterclaim of inequitable conduct should be stricken because it claims Engel has failed to comply with the requirements of Rule 9(b), Fed.R.Civ.P.

#### III.  Analysis

Federal Rule of Civil Procedure 9(b) provides as follows:

> Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of

mind of a person may be averred generally.

Fed.R.Civ.P. 9(b).

The parties dispute whether Rule 9(b) applies to claims of inequitable conduct in patent cases. The Federal Circuit has never directly addressed the issue. However, the great weight of authority in the district courts holds that Rule 9(b) does in fact apply to claims of inequitable conduct. *See, e.g., Samsung Electronics Co. Ltd. v. Texas Instruments Inc.,* 39 U.S.P.Q.2d 1673, 1675 (N.D.Tex.1996); *EMC Corp. v. Storage Technology Corp.,* 921 F.Supp. 1261, 1262–63 (D.Del.1996); *Simpson v. Stand 21 S.A.,* 32 U.S.P.Q.2d 1848, 1850, 1994 WL 735936 (S.D.Ind.1994); *Chiron Corp. v. Abbott Laboratories,* 156 F.R.D. 219, 220–21 (N.D.Cal. 1994); *Energy Absorption Systems Inc. v. Roadway Safety Service Inc.,* 28 U.S.P.Q.2d 1079, 1080, 1993 WL 248008 (N.D.Ill.1993); *IPPV Enterprises v. Cable/Home Communications,* 25 U.S.P.Q.2d 1894 (S.D.Cal.1992); *Solarex Corp. v. Arco Solar, Inc.,* 121 F.R.D. 163, 178 (E.D.N.Y.1988).

These courts have reasoned that Rule 9(b) should apply since inequitable conduct is a form of fraud. *See, e.g., Samsung Electronics,* 39 U.S.P.Q.2d at 1675 (citing *Kingsdown Medical Consultants v. Hollister, Inc.,* 863 F.2d 867 (Fed.Cir.1988)). Indeed, in *Kingsdown,* the Federal Circuit held that intent to deceive is a required element of a claim of inequitable conduct. *Kingsdown,* 863 F.2d at 872. Further, many courts have cited the Federal Circuit's concern over the potential abuse of the inequitable conduct claim, and have concluded that stricter pleading requirements might act as a check on such abuses. *See, e.g., Samsung Electronics,* 39 U.S.P.Q.2d at 1675 ("Application of Rule 9(b) may serve as an effective tool in preventing . . . abuse [of inequitable conduct claims].") (citing *Burlington Indus. Inc. v. Dayco Corp.,* 849 F.2d 1418, 1422 (Fed.Cir.1988); *FMC Corp. v. Manitowoc Co., Inc.,* 835 F.2d 1411, 1415 (Fed.Cir.1987)).

Engel cites only one case, *Quantum Corp. v. Western Digital Corp.,* 10 U.S.P.Q.2d 1712, 1713 (N.D.Cal.1988), as direct support for its contention that Rule 9(b) does not apply to claims of inequitable conduct. But another judge of the U.S. District Court for the Northern District of California has since expressly rejected the holding of *Quantum Corp. See Xilinx Inc. v. Altera Corp.,* 33 U.S.P.Q.2d 1149, 1151, 1994 WL 782236 (N.D.Cal.1994). The Court is aware of no other case in which a court has squarely held Rule 9(b) to be inapplicable to claims of inequitable conduct. Thus, the Court agrees with the clear majority on this issue and holds that Fed.R.Civ.P. 9(b) applies to Engel's claim of inequitable conduct.

██ Engel claims in the alternative that even if Rule 9(b) does apply here, Engel has complied with its requirement that the circumstances at issue "shall be stated with particularity." Fed.R.Civ.P. 9(b). In accordance with the Federal Circuit precedent,[1] I shall follow the First Circuit's rule that the requirements of Rule 9(b) are applied strictly; at a minimum, Engel is required to state the time, place and content of the alleged inequitable conduct. *Ahmed v. Rosenblatt,* 118 F.3d 886, 889 (1 Cir.1997) (Rule 9(b) requires pleader to state time, place and content of alleged fraudulent communication) (citing *New England Data Serv. v. Becher,* 829 F.2d 286, 291 (1 Cir.1987)); *accord, Simpson,* 32 U.S.P.Q.2d at 1850 (pleader "must specifically plead the time, place, and content of any alleged misrepresentations the plaintiffs made to the PTO, and the requisite intent."). Engel clearly has failed to meet this burden, since it has failed to identify any particular prior art it claims should have been disclosed to the Patent and Trademark Office.

## IV. Conclusion and Order

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken

---

1. The Federal Circuit has held that ". . . it shall review procedural matters, that are not unique to patent issues, under the law of the particular regional circuit court where appeals from the district court would ordinarily lie." *Panduit Corp. v. All States Plastic Manufacturing, Inc.,* 744 F.2d 1564, 1574–5 (footnote omitted) (Fed. Cir.1984). This holding applies to the issue of whether a pleading comports with the requirements of Rule 9(b), Fed.R.Civ.P. *Formax, Inc. v. Hostert,* 841 F.2d 388, 390–1 (Fed.Cir.1988).

from any pleading any insufficient de-fense...." Since Rule 9(b) requires a claim of inequitable conduct be pled with particularity, and since Engel has failed to meet that requirement, it is ORDERED that Plaintiff's Motion to Dismiss Defendant's Inequitable Conduct Claim under Rules 12(b)(6) and 9(b) or in the Alternative to Strike Under Rule 12(f)(# 61) be, and the same hereby is, ALLOWED to the extent that paragraph 21 of the Affirmative Defense and paragraph 7 of the Counterclaim are STRICKEN. However, the Court will allow defendant, Engel Industries, Inc., until the close of business on *Monday, November 16, 1998* to file a motion to amend its answer and counterclaim so as to plead inequitable conduct with particularity as required by Rule 9(b).

It is FURTHER ORDERED that Plaintiff's Motion to Dismiss Defendant's Inequitable Conduct Claim under Rules 12(b)(6) and 9(b) or in the Alternative to Strike Under Rule 12(f)(# 61) be, and the same hereby is, otherwise DENIED.

