**AGERE SYSTEMS GUARDIAN CORP., Plaintiff,**

v.

**PROXIM, INC., Defendant.**

**No. CIV.A.01–339–RRM.**

United States District Court,
D. Delaware.

March 6, 2002.

Donald F. Parsons, Jr., Esquire and John D. Pirnot, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; George F. Pappas, Esquire and Gary M. Hnath, Esquire, Venable, Baetjer, Howard & Civiletti, LLP, Washington, D.C.; counsel for plaintiff Agere Systems Guardian Corp.

Richard L. Horwitz, Esquire, Potter, Anderson & Corroon LLP, Wilmington, Delaware; Frederick G. Michaud, Jr., Esquire, Mark R. Kresloff, Esquire, Monte M. Bond, Esquire, and Catherine B. Richardson, Esquire, Burns, Doane, Swecker & Mathis, LLP, Alexandria, Virginia; counsel for defendant Proxim, Inc.

## MEMORANDUM OPINION

McKELVIE, District Judge.

This is a patent case. Plaintiff Agere Systems Guardian Corp. ("Agere Guardian") is a Delaware corporation with its principal place of business in Orlando, Florida. Defendant Proxim, Inc. is a Delaware corporation with its principal place of business in Allentown, Pennsylvania.

Agere Guardian filed its complaint in this case on May 23, 2001, alleging that various wireless Local Area Network ("LAN") products imported and sold by Proxim infringe and induce others to infringe one or more of three of its patents: U.S. Patent Nos. 5,420,599, entitled "Antenna Apparatus" (the '599 patent); 5,227,-335, entitled "Tungsten Metallization" (the '335 patent); and 5,706,428, entitled "Multirate Wireless Data Communication System" (the '428 patent). In response, Proxim filed its answer and counterclaims on July 9, 2001, alleging among other things that the claims of the '428 patent are unenforceable due to inequitable conduct.[1]

Agere Guardian has moved to strike Proxim's inequitable conduct defense and to dismiss its inequitable conduct counterclaim, arguing that they were not pled with sufficient particularity. Proxim has since moved on three occasions for leave to amend its answer and counterclaims. These motions are presently before the court.

## I. PROCEDURAL BACKGROUND

On July 30, 2001, after Agere Guardian had filed its complaint and Proxim had

---

1. The claims of the '428 patent allegedly read on the technical standard established by the Institute of Electrical and Electronics Engineers (IEEE), a body that sets standards for various electronics and computer information technology. Proxim alleges that the inventors of the '428 patent submitted documents to the IEEE standards committee that constitute material prior art to the '428 patent, but did not provide those documents to the PTO when applying for the patent.

filed its answer and counterclaims, Agere Guardian moved to strike Proxim's inequitable conduct defense and to dismiss the analogous counterclaim directed to the '428 patent, arguing that Proxim failed to allege with sufficient particularity—as required by Federal Rule of Civil Procedure 9(b)—the items of prior art upon which they depend. Proxim opposed Agere Guardian's motion to strike and to dismiss, arguing that its answer and counterclaim pled the allegations of inequitable conduct with sufficient particularity. Agere Guardian's motion to strike and to dismiss remains pending with the court.

Thereafter, on August 27, 2001, Proxim moved to file its first amended answer and counterclaims. Proxim's first amended answer and counterclaims sets forth specific facts supporting the inequitable conduct defense and counterclaim and adds to its counterclaims a claim for violations of the federal antitrust laws. Agere Guardian opposes the motion, arguing that certain of Proxim's generalized allegations do not satisfy the particularized pleading requirement of Rule 9(b) and that certain counterclaims should be denied as futile, as they fail to state a claim under which relief may be granted.

On December 13, 2001, Proxim moved to file its second amended answer and counterclaims. Proxim's second amended answer and counterclaims sets forth additional counterclaims for breach of contract and tortious interference. It also seeks to add Agere Guardian's parent company, Agere Systems, Inc., as a party, alleging that Agere Systems is the real party in interest as to the new counterclaims and the antitrust claim and that Agere Guardian is either the alter-ego or agent of Agere Systems. Agere Guardian opposes the motion, arguing (i) that the common law claims and antitrust claims are futile; (ii) that the allegations regarding inequitable conduct are still not pled with sufficient

particularity under Rule 9(b); and (iii) that Proxim should not be allowed to add Agere Systems as a party because it is not a proper party for the claims and because there is no basis to treat Agere Guardian as Agere System's alter-ego.

On January 18, 2002, Proxim moved to file its third amended answer and counterclaims. Proxim's third amended answer and counterclaims seeks to join two of its suppliers, Z–Com, Inc. and Atmel Corp., as third party defendants because Proxim purchased the allegedly infringing products from those parties under contracts that provide indemnification to Proxim for claims of patent infringement. By its third amended answer and counterclaims, Proxim also seeks to add further specificity to its claims on inequitable conduct and to add a counterclaim for breach of contract based on the duty of good faith and fair dealing. Agere Guardian opposes this motion as well, arguing (i) that although Proxim can join its suppliers, it must do so by way of a third party complaint; (ii) that Proxim's efforts to finally add proper specificity to its inequitable conduct claims come too late; and (iii) that Proxim's claim based on the duty of good faith and fair dealing is futile.

Agere Guardian's motion to strike and to dismiss and Proxim's three motions seeking leave to file amended answers and counterclaims remain pending. This is the court's decision on those motions.

## II. *FACTUAL BACKGROUND: THE AMENDMENTS SOUGHT BY PROXIM*

### A. *Amendments Relating to Inequitable Conduct*

A number of Proxim's motions seek leave to amend the factual allegations underlying its inequitable conduct defense and counterclaim. Proxim's original an-

swer and counterclaim asserts the following "Tenth Defense:"

> The '428 patent is unenforceable due to inequitable conduct during the prosecution of the '428 patent before the United States Patent and Trademark Office by the alleged inventors thereof. The alleged inventors, with the intent to deceive the United States Patent and Trademark Office ("USPTO"), failed to disclose material prior art, in violation of 37 C.F.R. § 1.56 (1982), made known to them during participation in the IEEE. The alleged inventors' failure to disclose material prior art includes, but is not limited to, the failure to disclose one ore more prior art references, articles and/or public presentations made by Wilhelmus Diepstraten, Jan Boer and/or Victor Hayes, during participation in the IEEE 802.11 meetings. At least Jan Boer and/or Wilhelmus Diepstraten were aware of the material prior art during filing for and prosecution of the '428 patent and failed to disclose the material prior art to the USPTO.

Answer & Countercl. at 5–6. Count Three of Proxim's Counterclaims restates verbatim the above-quoted allegations, and asserts in conclusion that "Proxim is entitled to a declaratory judgment that the '428 patent is unenforceable because of Agere's inequitable conduct." *Id.* at 8–9.

Proxim's proposed first amended answer and counterclaim includes the following additional language appended to the originally pled Tenth Defense and Count Three of the counterclaims:

> Specifically, Wilhelmus Deipstraten and Jan Boer attended IEEE 802.11 meetings in 1994, and Mr. Hayes was chairman of those mettings. At those meetings or as a result of submissions made to IEEE 802.11 and distributed to members of 802.11, including Mr. Diepstraten, Mr. Boer, Mr. Hayes, and others, the method set forth in at· least claim 1

of the '428 patent was revealed to the public more than one year prior to the filing date of the '428 patent. One submission dated September 1994 and set forth in IEEE documents P802.11–94/164 and 164a ("the September 1994 submission") was made by Mr. Diepstraten and three others who were employees of other companies and are not named as inventors on the '428 patent. That September 1994 submission describes on page 5 and elsewhere a proposal for multirate operation of wireless LANs where: "The Preamble and the PLCP Headers are transmitted always at the PLCP_RATE ...." The September 1994 submission and others were not disclosed to the USPTO during prosecution of the application for the '428 patent. Had the September 1994 submission and others been disclosed to the USPTO, at least claim 1 of the '428 patent would not have issued ....Mr. Diepstraten, Mr. Boer, and others involved in the prosecution of the '428 patent knew of the materiality of the September 1994 submission and other submissions to IEEE 802.11 and they withheld information from the USPTO with the intent to deceive.

Am. Answer & Countercl. at 6–7, 11–12, 16–17.

Proxim's proposed second amended answer and counterclaim, renumbers the inequitable conduct defense as its Sixth Defense, and adds the allegation that "upon information and belief, the '428 patent does not name all of the inventors of the subject matter and such omission was intentional and with the intent to deceive the USPTO." More specifically, the inventorship allegations go on to state that "[a]t least Barry Dobyns, Pablo Brenner, and Rui Valadas participated in the development of the claimed multi-rate process of the '428 patent and ..." co-authored IEEE documents P802.11–94/164 and 164a along with

Wilhelmus Deipstraten, one of the named inventors of the '428 patent.

Proxim's proposed third amended answer and counterclaim further specifies additional prior art, besides the September 1994 submission, that was submitted to the IEEE but not disclosed to the USPTO. It alleges, specifically, that "Documents IEEE P802.11–94/247 and –94/247a contain a discussion of relevant aspect of th[e September 1994] submission" and that "[t]he September 1994 submission, IEEE 94/247 and 94/247a, and the documents incorporated and referenced therein were not disclosed to the PTO during prosecution of the application for the '428 patent."

### B. *Additional Amended Counterclaims*

In addition to amplifying its defense and counterclaim for inequitable conduct, Proxim also seeks to add defenses and counterclaims for equitable estoppel and patent misuse based on the same factual allegations as those underlying its inequitable conduct defense. In connection with these counterclaims, Proxim adds the further allegation that:

> Agere's inventors Diepstraten and Boer, together with Victor Hayes, urged and assisted IEEE 802.11 to adopt a standard for multirate operation of wireless LANs that included all of the steps of at least claim 1 of the '428 patent. Agere and one or more of the foregoing individuals caused a patent application to be filed and prosecuted, knowing that the multirate standard in which they participated would be covered and blocked by the resulting '428 patent.

Am. Answer & Countercl. at 13–14.

Proxim also proposes to add a counterclaim for a violation of the federal antitrust laws. Specifically, Proxim alleges that "by seeking to enforce the '428 patent knowing it was obtained by committing fraud on the USPTO and knowing at the time it filed suit that the '428 patent was invalid" and "by bringing an objectively meritless infringement action accusing Proxim of infringement of" both the '428 and '599 patents, Agere has violated section 2 of the Sherman Act, 15 U.S.C. § 2. Am. Answer & Countercl. at 14–19; Second Am. Answer & Countercl. at 16–23.

Proxim additionally proposes to add common law counterclaims for breach of contract, breach of the contractual duty of good faith and fair dealing, misappropriation, and tortious interference with business opportunities. Proxim's breach of contract counterclaim alleges that Agere Systems "has contracted with at least Proxim, and other members of the IEEE, to offer a license at fair and reasonable terms to all patents which cover the 802.11 standard," and breached that contract by failing to offer such license. Second Am. Answer & Countercl. at 23. Similarly, Proxim's breach of duty of good faith and fair dealing counterclaim alleges that Agere Guardian's ultimate license offer of January 10, 2002 breached Agere Guardian's duty of good faith and fair dealing owed to Proxim "because Agere Guardian failed to make the offer in a timely manner and because Agere Guardian has offered to license a patent which it knows to be invalid due to the fraud upon the PTO .... " Third Am. Answer & Countercl. at 23–24.

Proxim's misappropriation counterclaim alleges that "Agere has misappropriated the inventions set forth in IEEE documents P802.4–94/164 and 164a," which were submitted by their authors "for the common use and benefit of the IEEE members, including Proxim." Second Am. Answer & Countercl. at 23–24. Proxim's tortious interference counterclaim alleges that Agere interfered with Proxim's sales of 802.11 compliant products by filing this lawsuit. *Id.* at 24.

### C. *Proxim's Amendments Adding Agere Systems, Inc. as a Party*

Proxim, by its proposed second amended answer and counterclaims, also seeks to add Agere Guardian's parent corporation, Agere Systems Inc., as a counter-defendant on a number of its counterclaims on a theory of alter-ego or agency. Agere Systems is a Delaware corporation, with principal place of business in Allentown, Pennsylvania. Proxim's proposed amendment alleges that "On information and belief, Agere Guardian is a wholly owned subsidiary of Agere Systems," that "Agere Guardian is merely the alter-ego or agent of Agere Systems," and that, therefore, "Agere Systems in the real party in interest in this lawsuit." *Id.*

### D. *Proxim's Amendments Adding Z–Com, Inc. and Atmel Corp. as Third Party Defendants*

Last, in counts sixteen and seventeen of its third amended answer and counterclaims, Proxim seeks to add two companies from which it bought allegedly infringing products as third party defendants. It is alleged therein that each of the companies, Z–Com, Inc. and Atmel Corp., had agreements with Proxim under which those companies are required to "indemnify and hold harmless Proxim" from all claims of infringement based on the purchased products.

## III. *DISCUSSION*

### A. *Legal Standard for Motions to Amend*

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court gave further guidance on how the rule is to be applied. The *Foman* Court stated that absent any

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as rules require, be freely given.

*Foman,* 371 U.S. at 182, 83 S.Ct. 227; *see also Arab African Int'l Bank v. Epstein,* 10 F.3d 168, 174 (3d Cir.1993) (quoting *Foman* ).

■ While leave to amend is to be liberally granted in the interests of justice, it is not automatic and "the liberal policy of granting leave to amend must not be interpreted to permit amendment without restraint." *Site Microsurgical Sys. v. Cooper Companies, Inc.,* 797 F.Supp. 333, 336 (D.Del.1992). Thus, the decision of whether to grant or deny leave to amend, is fully within the discretion of the court. *Arab African Int'l Bank,* 10 F.3d at 174. However the Third Circuit Court of Appeals has found that absent a clear reason such as delay, bad faith, or prejudice, it is an abuse of discretion for a district court to deny leave to amend. *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir.2000) (citations omitted). This holding is consonant with the policy of seeking, where possible, to resolve disputes comprehensively and on the merits.

### B. *Should the Court Grant Proxim Leave to Amend Its Answer and Counterclaims?*

Rather than discuss Proxim's individual motions separately, the court will structure its analysis topically.

#### 1. *Proxim's Inequitable Conduct Claim and Amendments Thereto*

■ In opposing Proxim's first two motions for leave to amend, Agere Guardian

contends that "Proxim's effort to leave open the possibility of additional, but undisclosed, allegations of inequitable conduct by referring to 'other [unspecified] submissions to IEEE 802.11'" does not satisfy the particularized pleading requirement of Federal Rule of Civil Procedure 9(b) and should be rejected on that basis. With respect to Proxim's third motion to amend, which adds the two specific alleged prior art references, IEEE P802.11–94/247 and –94/247a, to the prior allegations, Agere Guardian asserts that because Proxim "completely ignored" the Rule 9 requirement to plead its inequitable conduct claim with specificity in its first three attempts to plead its claim, it should not be allowed to identify the basis for its claim of inequitable conduct for the first time "on its fourth try."[2]

Proxim, in response, argues that Agere Guardian's argument misses the point of discovery and amendment as contemplated by the Federal Rules. Proxim asserts that Agere Guardian should not be permitted to cut off discovery and prevent Proxim from again amending its answer should it become aware of additional IEEE submissions that are relevant to its inequitable conduct claims. Proxim also argues that Agere Guardian's argument fails because Proxim's reference to "other submissions to the IEEE 802.11" is sufficient to satisfy Rule 9, because it is alleged in conjunction with the specific activities of Mssrs. Diepstraten, Boer, and Hayes, and the specific September 1994 submission to the IEEE 802.11.

With respect to Agere Guardian's argument that Proxim waited too long to identify the basis for its inequitable conduct claim, Proxim responds that Agere Guardian had ample notice of the basis of Proxim's inequitable conduct claim from a variety of sources early in the course of this action. First, Proxim's original answer made clear that its inequitable conduct claim is based on the activities of Agere's own inventors during their participation in IEEE 802.11 meetings. Proxim, in its amended answer, specifically identified the two September 1994 submissions, IEEE P802.11–94/164 and 164a. Before that, in interrogatory requests and depositions, Proxim identified the specific IEEE proceedings during which these documents were submitted. Moreover, three of the four documents specified in its third amended answer and counterclaim were produced to Proxim by Agere Guardian on November 19, 2001.

Essentially, the parties dispute three matters: (i) the degree of specificity that is required to plead an inequitable conduct claim; (ii) whether a party pleading that claim may use generalized language such as "other submissions" in order to leave the claim open to future amendments, and (iii) whether Proxim's delay in raising the two specific prior art references is basis to deny it leave to amend.

■ While Federal Rule of Civil Procedure 8(a) simply requires notice pleading, Federal Rule of Civil Procedure 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Although the Federal Circuit has not ruled on whether

---

**2.** In making this argument, Agere Guardian notes that virtually contemporaneously with Proxim's motion for leave to file its third amended answer and counterclaims, Proxim filed a motion for summary judgment of inequitable conduct based on these late-identified pieces of prior art. It asserts that the prejudice caused to it by what it characterizes as Proxim's "procedural gamesmanship" can be alleviated if the court will grant its motion for additional time to prepare its response to the pending motion for summary judgment. Agere Guardian seeks this relief by a separate motion seeking a 30 day extension. Proxim has agreed to allow a two week extension, but otherwise opposes the motion.

Rule 8(a) or Rule 9(b) applies to allegations of inequitable conduct, a majority of federal courts have found that allegations of inequitable conduct (i.e. fraud before the Patent Office) in patent cases, like other allegations of fraud, are subject to the requirements of Rule 9(b). *See In re Papst Licensing, GmbH Litig.,* 174 F.Supp.2d 446, 448 (D.La.2001); *Videojet Sys., Int'l, Inc. v. Eagle Inks, Inc.,* 14 F.Supp.2d 1046, 1049 (N.D.Ill.1998); *EMC Corp. v. Storage Tech. Corp.,* 921 F.Supp. 1261 (D.Del.1996); *Chiron Corp. v. Abbott Labs.,* 156 F.R.D. 219, 221–22 (N.D.Cal. 1994); *Solarex Corp. v. Arco Solar, Inc.,* 121 F.R.D. 163, 178 (E.D.N.Y.1988); *see also* Donald S. Chisum, Chisum on Patents, § 19.03[6][b] (1996) (collecting cases). Thus, in pleading an inequitable conduct claim, a party cannot merely rely on vague allegations that broadly recite the elements of fraud, but instead must either specify the time, place, and content of any alleged misrepresentations made to the PTO or otherwise "give the defendant[ ] notice of the precise misconduct alleged." *EMC,* 921 F.Supp. at 1263 (citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786 (3d Cir.1984)); *see also Rolo v. City Investing Co.,* 155 F.3d 644, 658 (3d Cir.1998) (a party claiming fraud must "inject[ ] precision and some measure of substantiation into their allegations of fraud").

Applying this standard to Proxim's inequitable conduct allegations, the court finds that Proxim's answer and counterclaims, as originally pled and as amended, sufficiently specify the grounds for its inequitable conduct defense. In Proxim's original answer and counterclaims, Proxim put Agere Guardian on notice that the alleged

misconduct was based on the failure of the inventors of the '428 patent to disclose to the PTO certain presentations made by Wilhelmus Diepstraten, Jan Boer, and others during their participation in IEEE 802.3 meetings. Approximately one month later, Proxim sought leave to add further detail to its counterclaims, referring specifically to the "September 1994 submission" by its specific IEEE document number. That Agere Guardian had moved to strike and dismiss the inequitable conduct counterclaim in the interim is of no consequence, as the court would not have dismissed the counterclaim with prejudice at that time, based merely on the fact that Agere Guardian sought a more specific allegation. *See Foman,* 371 U.S. at 181–82, 83 S.Ct. 227 (discussing policy that disputes should be resolved on their merits, and not on the technicalities of pleading rules).[3]

In addition, once Proxim has pled its allegations in accordance with Rule 9, nothing about the particularized pleading requirement acts as a bar to further supplementing those facts, as they are uncovered. Thus, with respect to Agere Guardian's contention that it is improper to refer to "other" unspecified items of prior art, the court finds no basis to deny Proxim's leave to amend.

Furthermore, because the court finds that Proxim pled its inequitable conduct defense with sufficient particularity, it will not artificially limit that defense by denying Proxim the opportunity to supplement its allegations by adding allegations as to additional prior art references. Agere Guardian complains that it will be prejudiced by Proxim's late identification of this

---

**3.** In Proxim's answering brief to Agere Guardian's motion to strike and to dismiss, Proxim stated that "[i]f the Court finds that the inequitable conduct defense and counterclaim are not pled with sufficient particularity ... Proxim respectfully requests leave to amend the pleadings to set forth a claim of inequitable conduct with greater particularity."

prior art. But, while Proxim did not name the relevant prior art, in light of its theory of inequitable conduct—as pled in its original answer and counterclaims and supplemented by its proposed first and second amended answer and counterclaims, depositions, and interrogatories—the court finds that Agere Guardian was sufficiently put on notice as to these documents.

The court will therefore grant Proxim's motions for leave to amend with respect to the allegations of inequitable conduct.

### 2. *Proxim's Amendments Adding Agere Systems, Inc. as a Party*

Agere Guardian raises the following arguments in opposition to Proxim's amendments seeking to add Agere Systems as a defendant to certain of its counterclaims. First, Agere Guardian argues that Agere Systems has no legal interest in the patents in suit and only Agere Guardian is the proper party for the counterclaims relating to those patents. Second, Agere Guardian argues that there is no legal basis asserted for treating Agere Guardian and its corporate parent as "alter egos." In addition, Agere Guardian contends that the amendment adding Agere Systems is untimely, as Proxim filed their motion after the September 19, 2001 cut-off date for amending pleadings or adding parties, and is brought for the improper purpose of facilitating more convenient discovery procedures for Proxim.

In response, Proxim argues that joinder of Agere Systems is proper because it is the true party in interest regarding Proxim's claims for breach of contract, tortious interference with business relations, misappropriation, and violation of antitrust laws. It notes that, as per its allegations,

Agere Systems contracted with the IEEE and its members to license its technology on a reasonable and non-discriminatory basis and that Agere Systems breached this agreement by transferring the '428 patent to its patent holding subsidiary, Agere Guardian, which is now asserting that patent against Proxim. It is further alleged that it was Agere Systems that filed a patent on a process allegedly knowing that it was developed by others during the IEEE 802.11 standard setting process, and it was the employees of Agere Systems— the inventors—who purposefully withheld the information regarding the development of this process by the IEEE from the PTO. In furtherance of this fraud, Proxim alleges, Agere Systems is attempting to illegally prevent competition from Proxim in the 802.11(b) market by causing its agent or alter ego[4] Agere Guardian to assert against Proxim a patent that it allegedly knows was fraudulently obtained. Based on these allegations, Proxim argues, Agere Systems is as much a true party to this cause of action as Agere Guardian.

With regard to Agere Guardian's argument that Proxim must show good cause for filing after the deadline, Proxim points to the Third Circuit's holding in *Alvin v. Suzuki*, 227 F.3d at 122, that without a showing of prejudice, "case management concerns" are "not among those justifying a refusal of leave to amend." In support of its motion, Proxim also points to the fact that it made this motion before the cut-off date for adding parties under the current scheduling order of January 18, 2002, and notes the liberal joinder policies expressed by the Federal Rules.

---

**4.** Proxim reports that the discovery thus far conducted supports its alter-ego or agency theory, because it indicates (i) that Agere Guardian is incorporated as a holding company of Agere Systems for tax purposes, not to operate as a separate business entity and (ii) that Agere Guardian has no employees, officers, or directors of its own that are not employees, officers, or directors of Agere Systems.

Based on the foregoing arguments and because the court hesitates to foreclose potentially viable avenues for relief at this stage of the proceedings, the court will grant Proxim leave to add Agere Systems as a party. Without opining as to whether Proxim's allegations or the facts that are developed in support of those allegations will be sufficient to hold Agere Systems liable as either an alter-ego or principal of Agere Guardian, the court finds that because Agere Systems is the direct party in interest as to a number of Proxim's counterclaims, there is sufficient reason to grant Proxim leave to amend. To the extent Agere Guardian and Agere Systems believe that there is no basis for Agere Systems to be in this case, under a theory of direct liability, agency liability, or alter-ego liability, Agere Guardian and Agere Systems may test the sufficiency of these theories by subsequent motion practice. At this point, however, as the court can see no prejudice to Agere Guardian by adding Agere Systems as a party to this case, the court will grant Proxim's motion for leave to amend its answer and counterclaims in this respect.

### 3. *Proxim's Amended Counterclaims and Agere's Futility Argument*

Agere Guardian also opposes a number of the amendments sought by Proxim to add new claims, arguing that those claims are futile—i.e., they do not state a valid cause of action. The allegations and claims that Agere Guardian attacks on this basis are: (i) Proxim's allegation that the '335 and '599 patents are rendered unenforceable because of Agere's conduct with respect to the '428 patent; (ii) Proxim's antitrust claim; (iii) Proxim's breach of contract claim; (iv) Proxim's misappropriation claim; and (v) Proxim's claim for breach of the implied duty of good faith and fair dealing.

■ If the court determines that an amendment is clearly futile, leave to amend may be denied solely on that basis. *See Cowell v. Palmer Township*, 263 F.3d 286, 296 (3d Cir.2001) ("leave to amend need not be granted when amending the complaint would clearly be futile."); *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (leave to amend a pleading that fails to state a claim may be denied on grounds of futility; *see also Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d Cir.1989) (factors which court may appropriately consider in determining whether to deny leave to amend "include undue delay, undue prejudice to the opposing party, and futility of amendment.").

■ However, while it is clear that a court *may* deny a party leave to amend a complaint, or even grant a motion to strike, based on futility, this court hesitates to undergo a rigorous 12(b)(6) analysis of the claims alleged to be futile based on less than complete briefing, especially in light of the deferential standard under which the court must consider 12(b)(6) motions. The court believes the better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised. *See, e.g., Charal Inv. Co., Inc. v. Rockefeller*, 131 F.Supp.2d. 593, 599–600 (D.Del.2001) (McKelvie, J.). At that time, the burden is on the moving party to show "beyond a doubt that the plaintiff [or counterclaimant] could show no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Only where it is clear to the court at this time that a claim has no possibility of succeeding on the merits, will the court disallow it by denying leave to amend. *See Cowell*, 263 F.3d at 296.

Where an allegation is technically lacking, the court—unless other factors counsel otherwise—will allow the party to correct that allegation via an amendment. With this in mind, the court turns to the claims and allegations at issue.

a. *Proxim's claim for unenforceability of all three patents-in-suit based upon misuse or inequitable conduct regarding the '428 patent*

 Agere Guardian contends, on grounds of futility, that Proxim should be denied leave to assert the alleged unenforceability of the '335 patent and the '599 patent as a consequence of Agere's alleged inequitable conduct concerning the '428 patent. In response, Proxim asserts that its broad request for equitable relief states a viable claim under *Morton Salt Co. v. G.S. Suppiger Co.,* 314 U.S. 488, 492, 62 S.Ct. 402, 86 L.Ed. 363 (1942). In *Morton Salt,* the Court announced that based on principles of "unclean hands," "courts of equity, may appropriately withhold their aid where the plaintiff is using the right asserted contrary to the public interest." *Id.*

Although *Morton Salt* stands for the proposition that a patent which has been "misused," such as by conduct in violation of the antitrust laws, is rendered unenforceable, it does not address whether such taint can extend to other patents that are not related to the patent that allegedly was procured by inequitable conduct. While it is true that a great majority of courts have declined to find that other patents in suit are tainted by inequitable conduct as to one of the patents, unless the patents are closely related, *see, e.g. Consolidated Aluminum Corp. v. Foseco Int'l Ltd.,* 910 F.2d 804, 809 (Fed.Cir.1990), the relatedness between patents that is required for mis-

conduct in one to taint the other is a question of degree. *See Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245–46, 54 S.Ct. 146, 78 L.Ed. 293 (1933) (unclean hands is "not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion."); *see also Precision Instrument Mfg. Co. v. Automotive Maintenance Mach., Co.,* 324 U.S. 806, 814–15, 65 S.Ct. 993, 89 L.Ed. 1381 (1945).

Accordingly, the court, at this time, cannot say that extending Proxim's unclean hands allegation to all patents-in-suit is futile. Therefore the court will allow Proxim's motion to amend its answer and counterclaims in this respect.

b. *Proxim's antitrust claim*

 Agere Guardian next contends that Proxim's *Walker Process*[5] type antitrust claim, as alleged, is futile, because Proxim fails to allege any facts from which it can be inferred that Agere Systems possessed monopoly power (or that there is a dangerous probability it will obtain monopoly power) and fails to allege that Agere Systems has willfully acquired or maintained any alleged monopoly power. Moreover, Agere Guardian contends that because the alleged antitrust violation is the filing of this lawsuit, the antitrust counterclaim should be severed and tried only if Proxim establishes the required factual predicate for its claim, which requires proving that "(1) the asserted patent was obtained through knowing and willful fraud … or (2) that the infringement suit was 'a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationship of a competitor.'" *Nobelpharma A.B. v. Implant Innovations, Inc.,* 141

---

**5.** *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), held that the enforcement of a patent procured by fraud on the PTO may violate § 2 of the Sherman Act.

F.3d 1059, 1068 (Fed.Cir.1998). If Proxim is found to infringe and the patents in suit are found to be valid and enforceable, such a finding cannot be made.

Based on its review of Proxim's proposed amendments, the court finds that Proxim's allegations are sufficient to state a claim for an antitrust violation. Proxim alleges that Agere Systems possesses 30–40% of the market for wireless LAN products compliant with the IEEE 802.11(b) standard. In addition to its allegations regarding Agere Systems' commercial position, Proxim further alleges that Agere Systems' market power arises by virtue of its fraudulently obtained patent, which purports to cover the 802.11 standard. Such allegations are sufficient to state a claim under *Walker Process*. It further alleges that Agere Systems' inventors and employees engaged in fraud on the PTO because they fraudulently omitted material prior art during the prosecution of the '428 patent that came to their attention during their participation in the IEEE standard setting process.

Moreover, the court has already ruled that the antitrust claim will be severed and reserved for later trial pending the resolution of the liability issues regarding the '428 patent. Additionally, the court has ruled that broad discovery regarding the antitrust claims will not be allowed until that time, should it become necessary. Therefore, no prejudice to Agere Guardian will result by allowing the amendment.

c. *Proxim's common law claims— breach of contract, good faith and fair dealing, and misappropriation*

Agere Guardian also asserts that Proxim's claims for breach of contract, breach of the implied duty of good faith and fair dealing, and misappropriation are futile and that, therefore, the court should deny Proxim leave to add them to its answer and counterclaims. Proxim, in response, argues that none of these counterclaims are futile, because it pled facts sufficient to demonstrate cognizable legal claims for each cause of action.

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim that will give the [opposing party] fair notice of what the plaintiff's [or counterclaimant's] claim is and the grounds upon which it rests." *Weston v. Commonwealth of Pennsylvania*, 251 F.3d 420, 429 (3d Cir.2001). Applying this requirement to Proxim's breach of contract counterclaim, the court finds that it has properly alleged its claim. For a breach of contract claim, Delaware courts require the "pleading of the existence of a contract, a breach thereof, and a demand for relief." *CL Invests., L.P. v. Advanced Radio Telecom Corp.*, Civ. A. No. 17843, 2000 WL 1868096, 2000 Del. Ch. LEXIS 178, at *33 (Del. Ch. December 15, 2000). Proxim alleged a contract between Agere Systems and the other members of the IEEE, including Proxim, and the terms of that contract which Proxim alleges Agere Systems breached. Last, Proxim requests relief for the breach in an award of damages. While Agere Guardian is correct that, on the merits, Proxim will have to prove that there was a contractual relationship between the parties and that Proxim was an intended beneficiary of the contract, *see Guardian Construction Co. v. Tetra Tech. Richardson Inc.*, 583 A.2d 1378, 1386–87 (Del.Super.1990), that does not mean that the claim, as alleged, is futile.

Turning to Proxim's breach of contractual duty of good faith and fair dealing claim, the court similarly finds that this proposed counterclaim is not futile. Delaware law recognizes an implied duty of good faith and fair dealing for all contracts. *See W & G Seaford Assocs., L.P.*

*v. E. Shore Markets, Inc.* 714 F.Supp. 1336, 1341 (D.Del.1989); *see also* Restatement (Second) Contracts § 205 (1981). Proxim alleges that when Agere Guardian filed this litigation without offering Proxim a license on the '428 patent, it breached its contract to Proxim and the IEEE members and also breached its duty of good faith by taking advantage of its patent to force Proxim to defend this infringement action. In support of its allegations, Proxim asserts that Agere Guardian's offer of license dated January 10, 2002, nearly seven months after commencing this litigation, is insufficient to cure its breach. As these allegations are sufficient to allege such a claim, the court does not find the claim to be futile. Moreover, this allegation of an additional legal theory for relief based on the same set of facts as previously alleged does not prejudice Agere Guardian.

■ Last, as to Proxim's misappropriation claim, the court will also grant Proxim leave to amend. By this counterclaim, Proxim alleges that the multirate process that is the subject of the '428 patent was developed by parties other than Agere Systems during the IEEE 802.11 standard setting process and that Agere Systems later filed a patent on this process knowing it belonged to others, thereby, claiming rights in the results of efforts of others.

In Agere Guardian's opposing brief, it argues that while "tangible property can be misappropriated or be the subject of a conversion claim . . .[,] there is no legal basis for Proxim to claim that Agere has somehow misappropriated the ideas that were allegedly described in certain documents." In response, Proxim points to the Supreme Court case, *Int'l News Serv. v. Assoc. Press,* 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211 (1918), for the proposition that intangible property can be misappropriated, and notes that this theory has been accepted in Delaware. *See, e.g., Nat'l*

*Football League v. Delaware,* 435 F.Supp. 1372, 1377 (D.Del.1977). Although there may be difficulties applying this common law tort to the instant facts, the court nonetheless will allow Proxim to bring this cause of action.

■ The tort of misappropriation lies if one attempts to usurp for its own use the results of the time and effort spent by another. *Id.* While this is true, this court cannot find a case in which a party has succeeded on a misappropriation claim on similar facts. Instead of expanding this common law tort, which would pose preemption difficulties in light of the federal patent and copyright laws, many modern courts have limited the application of the tort of misappropriation to very narrow circumstances. *See, e.g., Nat'l Basketball Assoc. v. Motorola,* 105 F.3d 841 (2d Cir. 1997) (holding that only a narrow "hot-news" exception survives preemption). Thus, based on the cases that the court has thus far seen, upon a more fully briefed motion to dismiss, this claim may not survive. Despite its doubts, the court will nonetheless give Proxim the opportunity to add the claim and to convince the court otherwise as to its merits when the time for substantive evaluation of the claim arrives.

### 4. *Proxim's Addition of Z–Com, Inc. and Atmel Corp. as Third Party Defendants*

Last, Proxim seeks to join Z–Com, Inc. and Atmel Corp. under Federal Rule of Civil Procedure 21. Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. Agere Guardian does not oppose the joinder of these parties, but contends that it would be procedurally improper for Proxim to join them by simply

adding new counts to its counterclaim in Proxim's answer and counterclaims against Agere Guardian. Instead, under Federal Rule of Civil Procedure 14, Proxim must serve the parties with a third party complaint.

The court agrees. Under Rule 14(a), Proxim must serve the new parties with a third party complaint setting forth its claims against the third party defendants. See Fed.R.Civ.P. 14(a). The court will therefore treat this aspect of Proxim's motion as seeking leave to serve a third party complaint and will grant it on those terms.

## IV. *CONCLUSION*

Consistent with the liberal approach to amendments embodied in Federal Rule of Civil Procedure 15(a), the Court grants Proxim's motion for leave to file its first and second amended answer and counterclaims and grants, in part, Proxim's motion for leave to file its third amended answer and counterclaims. Proxim's motion for leave to file its third amended answer and counterclaims is only denied to the extent that they have failed to correctly join Z–Com and Atmel. As such, the court will treat that aspect of its motion as seeking leave to serve a third party complaint on those parties and will grant Proxim leave to serve third party complaints against those parties. In addition, because the court determines that Proxim's inequitable conduct defense and counterclaim is sufficiently pled under Rule 9, the court will deny Agere Guardian's motion to strike/dismiss.

The court will issue an order in accordance with this memorandum opinion.